## ALEXANDER J. SPENCER v. CASPAR GEISSMAN.

HOMESTEAD RIGHT.—If a party acquires a homestead right in a tract of land, and subsequently is evicted under a judgment from the part of the tract on which he lived, he may move on the other part, and hold it under the homestead law.

WHAT MAY BE HELD AS HOMESTEAD.—A party having a naked possession only of land, the title being in a stranger, may acquire a homestead right thereto, as to everybody but the owner, and such homestead right will be exempt from forced sale on execution or on any final process for any debt.

IDEM.—The homestead right does not depend upon the character of the title held by the party claiming it. Whatever title he may have is protected from forced sale.

APPEAL from the District Court, Third Judicial District, Santa Clara County.

The facts are stated in the opinion of the Court.

*F. E. Spencer*, for Appellant.

Defendant having no title to the premises in question at the time of filing his declaration of homestead, such homestead claim was a mere nullity. If no claim could be made upon the premises, where only a part of the title was in the

claimant, it certainly could not upon premises on which he was a mere trespasser. ( *Wolf* v. *Fleischacker*, 5 Cal. 244; *Giblin* v. *Jordan*, 6 Cal. 416; *Reynolds* v. *Pixley*, 6 Cal. 165.)

*Peckham & Payne*, for Respondent.

It is the family residence which constitutes homestead, and a compliance with the statute in regard to registration. It does not depend on the question whether the debtor's title is good or bad, whether he has a fee simple or a less estate, whether his title is perfect or inchoate, legal or merely equitable. If his title is sufficient to feed a sale under an execution, it must be held sufficient for the purpose of exemption. The creditor cannot be heard to say in the same breath: I will seize and sell because it is yours, and you shall not claim it as exempt, because it belongs to some one else. Yet this is the right of the creditor, as contended for by the appellant.

By the Court, SAWYER, C. J. :

This is an action to recover land in Santa Clara County. Defendant had judgment, and plaintiff appeals on the judgment roll, without any statement.

The plaintiff relies on title derived from the defendant through a sale under a judgment and execution against him. The following are the material facts, as found by the Court: Prior to April 26th, 1861, defendant was in possession of a tract of land including the *locus in quo*, and he continued in possession of the premises in controversy till October, 1864, and till after the commencement of this action. The whole tract so in defendant's possession was included in one inclosure till after the recovery of a certain judgment by one Villagraña. On the 11th of October, 1864, said Villagraña recovered the judgment referred to against Geissman, defendant in this action, for the possession of a portion of

said tract so possessed by said defendant, but not the portion now in controversy, and for costs. The judgment was docketed on the same day. On the 15th of October, 1864, a writ of possession, including an execution for costs, was issued to the Sheriff, which was executed so far as to put the plaintiff in possession of the portion of the aforesaid tract recovered in that action, and returned with the certificate of the Sheriff that no property could be found out of which he could make the costs. Prior to the entry of said judgment, the dwelling house in which defendant lived, together with the outhouses appurtenant thereto, were on that portion of said tract in the possession of defendant so recovered by Villagraña, but defendant had *another dwelling* on that portion now in controversy, but not recovered by Villagraña, which was occupied by men in his employ. On being turned out, under the writ, of that portion recovered by Villagraña, defendant moved his family into said other house on said portion now in controversy, and he continued to reside there with his family until after the commencement of this action. On the 24th of April, 1861, the defendant then being a married man and the head of a family, executed in due form, and caused to be duly recorded in the Recorder's office of the proper county, a declaration, declaring the whole of said tract, including the portion now in controversy, and that subsequently thereto recovered by Villagraña, to be his homestead, and no abandonment of homestead has ever been filed or recorded. Thus a part of the homestead, as originally established, was recovered by Villagraña, and a part, being the part in controversy, remained unaffected by the recovery. On the 16th of November, 1864, another execution for costs was issued on the Villagraña judgment. On the 28th of November, 1864, the Sheriff levied said execution on the premises now in controversy. On the 24th of December, 1864, the Sheriff, under said execution, sold all the interest of defendant to the plaintiff, Spencer. The proper certificate of sale was given to the purchaser and filed in the proper Recorder's office, and six months thereafter having expired without any

redemption being made, the Sheriff executed in favor of the purchaser the proper deed of conveyance, in pursuance of the sale and the statute in such case made and provided. The plaintiff relies for a recovery on the title thus acquired.

At the time of the filing of the declaration of homestead, as aforesaid, the title in fee was in a stranger; but the title was acquired by defendant before said Sheriff's sale.

At the time the judgment was docketed and became a lien, the premises constituted the homestead of the defendant, as to everybody except the owner of the land. There is no question made as to its being a homestead, if a party having a naked possession, only, the title being in a stranger, can acquire a homestead right in the land so possessed. The statute does not specify the kind of title a party shall have in order to enable him to secure a homestead. It says nothing about title. The homestead right given by the statute is impressed on the land to the extent of the interest of the claimant in it—not on the title merely. The actual homestead, as against everybody who has not a better title, becomes impressed with the legal homestead right by taking the proceedings prescribed by the statute. The estate or interest of the occupant, be it more or less, thereby becomes exempt from forced sales on execution, and can only be affected by voluntary conveyances or relinquishment in the mode prescribed. The land in this instance, as to everybody having no superior title, became the homestead of the defendant, for all the purposes of protection against forced sales and voluntary conveyances in any other than the statutory mode, as effectually as if the defendant had held the title in fee simple. There was nothing which the Sheriff was authorized to sell under execution. The fact that the defendant, after the attaching of the homestead right, acquired the true title from a stranger, does not affect the question. This did not vitiate the homestead right which had attached to the land, and given an independent estate not subject to execution. The title so acquired cannot be considered as a thing separate and apart from the land

subject to sale and conveyance, in the hands of the homestead claimant, so as thereby to affect the homestead right. By filing the declaration, the party indicates his intention to make the land his homestead, and if he afterwards acquires an outstanding title, it attaches itself to the homestead already acquired and perfects the homestead right. If it were otherwise, a homestead could not be secured which would be safe against forced sales, unless there was at the time a perfect title in fee simple in the party who seeks the homestead right. In case of a title in any respect imperfect, the claimant could not perfect his title to his homestead, except at the risk of losing it altogether, through the intervention of a creditor and by the very means adopted to render it more secure; and under such a construction of the statute, it would not be available to the greater portion of the class, in this State, who need it most.

We think the District Court correctly held that no title passed by virtue of the Sheriff's sale and deed.

Judgment affirmed, and the remittitur directed to issue forthwith.