F. A. HIHN, Respondent, v. MARY H. SHELBY, Appellant.

## No. 6729; December 8, 1880.

**Homestead—Land Held in Common.**—Under the Civil Code, sections 1237 and 1238, subject only to the limitations mentioned in section 1239, the homestead right may be impressed upon land irrespective of the question whether it is owned exclusively, or in common, or in joint tenancy.

APPEAL from Twentieth Judicial District, Santa Cruz County.

A. Craig and F. Adams for appellant; C. B. Younger for respondent.

ROSS, J.—The disposition of this case depends upon the question whether a certain declaration of homestead, filed by the defendant, Mary H. Shelby, was valid or invalid.

At the time of the filing of the declaration, the premises embraced in it were owned in common by John L. Shelby, the husband of the declarant, and one Hinckley, each owning an undivided one-half. The interest of Shelby was the common property of himself and wife. Shelby, with his wife and her children, resided upon the land, as did also Hinckley, neither having exclusive possession of any part of it.

Under the circumstances, Mrs. Shelby filed, in due form, the declaration of the homestead in question. After she filed it, and while she was residing with her family on the premises, her husband and Hinckley executed to the plaintiff a deed for the whole of the property for the sum of two thousand four hundred dollars, the property being at the time of the value of four thousand dollars. At the time of his purchase the plaintiff knew that Mrs. Shelby resided upon the land with her family, and that she claimed a homestead right thereto. She did not join in the deed to the plaintiff, and refusing to surrender to him possession of the premises, plaintiff commenced the present action to recover possession. The objection made to the homestead is, that the land being held in common, and being in the joint occupancy of both owners, was not subject to a claim of homestead.

Under the homestead laws in force prior to 1868 it was held that a homestead could not be carved out of land held in joint tenancy, or by tenancy in common: Wolf v. Fleischacker, 5 Cal. 244, 63 Am. Dec. 121; Reynolds v. Pixley, 6 Cal. 165, and other cases.

The act of March 9, 1868, provided "that whenever any party entitled to a homestead under the laws of this state shall be in exclusive occupation of any parcel or tract of land having the same inclosed, and shall select and record and reside upon the same as a homestead, such party so selecting and claiming shall be entitled to such homestead, and to all rights and exemptions provided by the general law relating to homesteads, to the extent of such claimant's interest in such homestead property, although such land be held in joint tenancy, or tenancy in common, or such claimant own only an undivided interest therein."

By the provisions of the Civil Code the right to acquire a homestead was still further extended. Section 1237 declares: "The homestead consists of a quantity of land, on which the claimant resides, selected as in this title provided." Section 1238: "It may be selected by the claimant from any land in the possession of the claimant, or of the husband of the claimant."

We find here no limitation as to the title to or the character of the possession of the premises sought to be impressed with the homestead right. In Spencer v. Geissman, 37 Cal. 99,

99 Am. Dec. 248, the court held that the homestead right is impressed on the land to the extent of the interest of the claimant in it, and not on the title merely. And we are of opinion that, under the provisions of the Civil Code above cited, the homestead right, subject to the limitation mentioned in section 1239 of the same code, may be impressed on the land to the extent of the interest of the claimant, or her husband therein, irrespective of the question whether it be owned or possessed exclusively or in common or in joint tenancy.

Judgment reversed and cause remanded.

We concur: McKinstry, J.; McKee, J.