Arnold *v.* Jones.

F. A. ARNOLD, Adm'r, etc., of T. D. Arnold, deceased, *v.*
JAMES JONES.

1. TRUST ASSIGNMENT. *Renunciation.* An attachment suit was compromised by the son and heir of the original defendant, conveying the attached land in trust to secure the debt, and the attachment was dismissed; the creditor discovering that the father subsequent to the attachment had, by voluntary deed, conveyed the land attached to the son for life, with remainder in fee to the son's children, filed a bill for a rescission, expressly renouncing the security of the trust assignment and praying for the restoration of his attachment lien; the rescission was denied and the bill dismissed; the creditor subsequently bought the land at the trustee's sale, and brought ejectment against the son. *Held,* the bid for rescission was only a conditional renunciation of the security of the trust assignment, depending upon the restoration of the attachment lien.

2. HOMESTEAD. *Circuit Court. Ejectment.* The circuit court may assign homestead in an action of ejectment, and though it is more regular to lay off homestead before giving plaintiff final judgment for the residue, the court will not reverse because the circuit judge gave plaintiff judgment for the land excepting homestead, which was subsequently assigned.

3. SAME. *Life-estate. Valuation.* Homestead is in all cases a tract of land in which the fee, and not the estate owned by the defendant, is worth a thousand dollars.

4. SUPREME COURT PRACTICE. *Ejectment. Judgment on bond.* Upon affirmance of a judgment for plaintiff in an ejectment suit where defendant has given bond pending appeal as required by act of 1879; this court will order a writ of possession and give judgment for rents, and remanding cause for proof and enquiry as to amount of rents and damages.

FROM GREENE.

Appeal in error from the Circuit Court of Greene county. N. HACKER, J.

35—VOL. 9.

H. H. INGERSOLL and A. B. WILSON for Arnold.

ROBERT M. MCKEE for Jones.

FREEMAN, J., delivered the opinion of the court.

This is an action of ejectment, tried in the circuit court of Greene county, to recover a tract of land conveyed by one Baker, as trustee, to plaintiff.

This land had been attached by bill in the chancery court, by the intestate of plaintiff, for payment of a debt against the ancestor of the maker of the deed of trust, and a decree had in his favor. It had been conveyed in 1866, we believe, by the debtor to his son, James Jones, which conveyance was attached in the bill as fraudulent. Thomas Jones, Sr., having died, the son compromised the chancery suit by giving his note to T. D. Arnold, and the deed of trust to Baker to secure it. The deed of trust purported to convey a fee simple interest to the trustee, but in fact it turns out that Jones, Jr., had only a life estate in the lands conveyed. T. D. Arnold, learning this fact, filed his bill to have the contract of compromise set aside as fraudulent for this cause, but had a decree against him ultimately, and his bill dismissed.

The trustee afterwards sold the land under the deed of trust, and plaintiff purchased the same, as we take it, bidding his debt, with costs of executing the trust.

In the bill filed by Arnold to rescind the contract of compromise and be restored to his position under his attachment bill, he insists on his right to repudiate the contract, on the ground that the fact of the

Arnold *v.* Jones.

limited interest of Thomas Jones had not been disclosed to him.

The wife of Jones did not join in the trust deed, and he is conceded to have been the head of the family, and they were occupying the land as a home when the deed of Jones was made to Baker.

The case was tried by the circuit judge, without the intervention of a jury, who gave judgment for the plaintiff, but ordered commissioners to lay off the homestead for Jones and wife, he holding that this did not pass by the deed of trust, the wife not joining therein. From that judgment an appeal was prayed to this court, but the case was reversed because no final judgment had been rendered. When the case was remanded, the commissioners made their report, assigning homestead, the report was excepted to, exceptions overruled, and now the whole case is before us for review of the action of the court.

It is first insisted, that the trustee's deed conveyed no title, because the benefits of the trust had been repudiated by Arnold in his bill, and there was no trust to execute. It was not a refusal by a party provided for in a deed of trust to accept the security, but was a bill filed to rescind a contract, embracing several other matters, for fraud and to be restored to important advantages had under the chancery decree, and which had been yielded in consideration of the contract, of which the trust security was but a part. It would be hard if, after having been beaten by the debtor in this effort, and he decreed to stand on his contract, his failure to rescind should now be held

equivalent to success.   This objection cannot be maintained.

It is next insisted, that no homestead exists by our law in a life estate.   To this we do not assent.   A homestead, the home in possession of each head of a family, and the improvements thereon to the value of one thousand dollars, shall be exempt from sale, etc., is the language of our constitution and statutes:  Code, secs. 2110 a, 2114 a.   The liberal policy of these laws forbids that we should give them a narrow or technical construction as against the parties intended to be provided for.   If the homestead, the place of residence and home of the family is protected, where the head of the family owns the fee, much more, it seems, it ought to be in favor of the poorer man, who has only an estate less valuable, liable to be determined at any time by his death.

A nice question is presented as to what shall be the mode or basis for ascertaining the value of the homestead in a limited estate like this.   Shall it be a life estate worth one thousand dollars, or a portion of land with the improvements, the fee of which would be of that value?

The report does not show whether it was the fee simple value of the land laid off, or the value of a life estate in said land.   The exception filed by defendant assumes it was the former.

No error appears, at any rate, on the face of the report, and there is no proof.   But assuming the exception has given the fact, we hold that a tract of land, with the improvements, the fee simple of which

would be worth a thousand dollars, is the true basis of the homestead in such a case.

The court found for the plaintiff as to all but the homestead, and directed a special writ of possession to issue, requiring the sheriff to lay off the homestead, furnish the defendants with the description of the land so laid off, and put plaintiff in possession of the balance.

It is again urged, that the court in rendering its judgment was bound to find for plaintiff or defendant, and give judgment accordingly, and execute that judgment. That it had no authority to appoint commissioners to lay off the homestead in the way it was done.

We have no statute providing for this precise case. We have one providing for laying off the homestead under the direction of an officer levying an execution or attachment, but that is not this case. The court found by its judgment, and properly in accord with our decisions, that the homestead did not pass by the deed of the trustee.

It could not, therefore, award a writ of possession as to it, because it was not recovered. The plaintiff, however, was entitled to the other land, and a writ of possession for the same. It therefore became a necessity for the court, in order to the proper execution of its judgment, to ascertain the homestead, or that it be done in some way under its authority. This could more properly be done before rendition of judgment, or else the judgment could not define the measure of recovery given by the court. When laid

off by the sheriff, as in this case, it was subject to exception on contestation, and might not be sustained, and all have to be done over.

In the action of ejectment the judgment is executed by a writ of possession issued to the sheriff, directing him to put the plaintiff in possession of the premises: Code, sec. 3251. To do this in the present case, before the homestead is laid off, would put the parties to the trouble and expense of another suit to have the homestead laid off, and then a writ of possession to be restored to possession, or a writ of restitution on the part of the court dispossessing them wrongfully. It would seem that all this should be avoided, under the principle of the common law, that every court has the inherent power to enforce its own decrees, which must necessarily involve such convenient legal means as will effectuate the end.

Sec. 2997 of the Code provides: "If a judgment or decree be that a party recover or be put in possession of the specific property, real or personal, the court may carry the same into effect by writ of possession, or other process sufficient for the purpose. A liberal construction of this section, the purpose of which is to give the court an appropriate means for the execution of its judgments, would fairly include the means directed by the court in this case.

Under sec. 3247, taken from the act of 1852, requiring the jury to specify such part of the land as is recovered, where only part is recovered, it was held by this court, that where the jury failed to do this, it was the duty of the court to delay the case until

Arnold v. Jones.

proper surveys or additional proof could be introduced, by which the proper certainty could be had. This was held on the ground that it was essential to the rights of the parties litigant: *Load* v. *Philips*, 4 Sneed, 567–8; *Brogan* v. *Savage*, 5 Sneed, 689. Upon the same principle, and from a stronger necessity in this case, we hold the court might well ascertain the land recovered, by having the homestead laid off before the other property should be put in possession and the defendants turned out. In any view, if the act was authorized, the time when it was done would not be matter of substance going to the merits, for which this court ought to reverse.

The bond given in this case, on obtaining the writ of possession, is the one authorized by the act of 1879, sec. 1. See acts, p. 111.

Affirm the judgment.

Since the opinion was delivered in this case, a question of practice is submitted on the bond given under the act of 1879—see acts, p. 111—by defendants.

This act provides substantially that on a judgment being given for the plaintiff in an action of ejectment, and the defendant appeals to this court, plaintiff may have his writ of possession immediately on giving bonds with security in double the value of two years' rent of the premises—and another to pay all costs and damages which may be sustained by the defendant from plaintiff wrongfully enforcing said writ, and that he will abide by and perform the judgment of the su-

preme court on final hearing of the cause. But it is further provided that the defendant may execute a like bond to the plaintiff, and thereby remain in possession.

The defendant executed the bond as provided for in this case in the sum of five hundred dollars, conditioned to pay, in case of affirmance, to the plaintiff all rents, costs and damages that may be sustained by him for the non-issuance of said writ of possession.

Two questions are submitted: First—Whether the plaintiff is entitled to judgment upon the rent bond in this case? Second—Whether that judgment shall be based on the amount of rent fixed by the court below, as shown by the bond?

The bond is dated May 3d, 1881.

We conclude the proper practice is, to order a writ of possession immediately—giving judgment for rents— and remand the case for proof and inquiry as to what shall be the amount of the rent and damages, if any, and that the court render judgment for the amount so ascertained.