## Yates v. McKibben, Sheriff.

1. **Homestead:** EXTENT OF IN CASE OF LIFE-TENANCY. The extent of a homestead is to be determined from the fee-simple value of the land, and not from the value of the tenant's estate therein. Accordingly, where plaintiff's home was upon a forty-acre tract worth more than $500, (Code, § 1996,) but her interest in it and an adjoining forty-acre tract was only a life-estate, worth less than $500, she was not entitled to have more than the forty acres on which she lived exempt from debt as a homestead.

*Appeal from Davis Circuit Court.*

SATURDAY, JUNE 6.

ACTION in chancery to enjoin defendant from selling, upon execution, certain land claimed by plaintiff as her homestead, and requiring him to summon a jury, as required by Code, § 2002, to determine her homestead rights in the land. A demurrer to the petition was sustained. Plaintiff appeals.

*Jones & Steel*, for appellant.

*S. S. Carruthers*, for appellee.

BECK, CH. J.—I. Plaintiff alleges in her petition that she has a life estate in a certain eighty-acre tract of land, and upon the south "forty" thereof is a house she occupies as a dwelling, and uses the whole of the land as her homestead; that she owns no other land; that defendant has levied certain executions upon all of the land, and proposes to sell thereon the north "forty," having set off to plaintiff the south "forty" as her homestead; that the south "forty" is worth more than $500, but that plaintiff's interest in the whole tract, being a life-estate, is worth less than that sum; that plaintiff has caused a written notice to be served upon defendant requesting him to summon a jury, as provided by Code, § 2002, to determine whether all of the land constitutes her homestead,

and to ascertain the facts of the case and make report thereof to the court,—a disagreement, as contemplated by that section, as to the property constituting plaintiff's homestead, having taken place; and that defendant refuses to comply with said request, but will, unless restrained, sell the north "forty" of the land. A demurrer, upon the ground that the petition does not present facts authorizing the relief prayed for, was sustained.

II. Counsel for defendant maintain that the petition does not aver facts constituting a case contemplated by Code, § 2002, wherein a jury may be empaneled as provided by that section; that the purpose of the statute is to provide for the determination of facts about which there is a disagreement whereon the homestead claim rests, and not upon conceded facts to determine the legal rights of the parties; and that there is no such "disagreement" of facts as to plaintiff's homestead as warrants the interference of a jury in the proceeding contemplated by the statute.

The applicability of the statute to the case made by plaintiff's petition, and the right of plaintiff to demand relief in the manner therein prescribed, we will not determine, but, for the purpose of the case, will concede that, if plaintiff's homestead covers all the land, she was authorized to demand a jury, as contemplated by Code, § 2002. But, on the other hand, it cannot be doubted that if, upon the facts she states in her petition, it be found that she has no homestead interest in the land about to be sold by defendant, she suffers no prejudice from the denial of her right to pursue a remedy, when the facts upon which she bases her claim clothe her in law with no rights claimed in this action.

III. The plaintiff, as it has been observed, owns a life-estate in the land. The "forty" reserved to her by the defendant is worth more than $500; that is, the land, with the fee-simple title absolute, would sell for more than that sum; but a life-estate in the whole "eighty" is worth less than $500.

A homestead not within a town is limited in extent to forty acres when the value is $500 or more; but if of less value, it may be enlarged in extent until it reaches $500. Code, § 1996. A homestead may be held in leasehold property, (*Pelan v. De Bevard*, 13 Iowa, 53,) and by a tenant in common holding under an equitable title, (*Hewitt v. Rankin*, 41 Iowa, 35; *Thorn v. Thorn*, 14 Id., 49,) and doubtless by a tenant for life. Now, the question in this case is this: Is the extent of the homestead determined by the tenure of the claimant? When we speak of the value of land, reference is always had, unless our language be qualified, to the realty held in fee-simple absolute. The character of the tenure, when lower than the fee-simple title, determines the value of the tenant's right of possession; and when the value is spoken of, the nature of the tenure is specified. Of course, all tenures are followed by the possession of the land. Indeed, the term "tenure," when applied to lands, means the manner of holding them. The current value of the possession of the lands is that which is represented by the terms "rents" and "profits" is the same, without regard to the tenure of the tenant. The occupancy of forty acres of land for a given time is worth just as much to the tenant for life as it would be to a tenant in fee.

The purpose of the homestead statutes is to secure to a tenant holding a home upon land its possession free from his debts. It is obvious that the law does not contemplate that a tenant for years or for life shall receive greater benefit from and realize more out of his homestead than a tenant in fee. Yet such would be the result if the tenant holding less than the fee is entitled to extend his possession on the ground that the value of his tenure is less than the value of the fee. Thus, a leasehold upon 160 acres may be worth less than $500, while the fee of forty acres may be worth more. Yet, in the view of plaintiff, the tenant for years may hold a homestead in 160 acres, and the tenant in fee may hold only forty acres, the yearly value of the first being four times the yearly value

of the second. The statute, in our opinion, will bear no construction which will work such unequal and unjust results.

We reach the conclusion that the extent of a homestead is to be determined by the value of the land—the value when it is transferred with the fee-simple title. The plaintiff, therefore, under the statements of the petition, is entitled to a homestead in the "forty" upon which her dwelling is situated, and on no more of the land. Her rights were perfectly protected by the defendant.

AFFIRMED.