[No. 13100. In Bank. — July 4, 1889.]

## R. R. BROWN, RESPONDENT, *v.* L. F. STARR ET AL., APPELLANTS.

HOMESTEAD — APPRAISEMENT OF VALUE UNDER EXECUTION — LIFE ESTATE. — The homestead consists of the dwelling-house in which the claimant resides and the land on which the same is situated, irrespective of the tenure, tenancy, or title by which he holds it. Upon proceedings to appraise its value under execution, the appraisers must consider only the value of the premises, and whether the land claimed can be divided without material injury, if its value exceeds five thousand dollars. One who holds only a life estate in the premises cannot have the appraisement limited to the value of such life estate; and if it appears that the land can be easily divided without material injury, the life tenant cannot demand that it be sold as an entirety, and that five thousand dollars of the proceeds be paid to him.

APPEAL from orders of the Superior Court of Los Angeles County relating to the homestead claim of appellant.

The facts are stated in the opinion of the court.

*Wicks & Ward,* for Appellant.

The value of the salable interest that the homesteading party has in the property homesteaded must be taken

as the value of his homestead. (*Squire* v. *Medget*, 63 N. H. 71; *State* v. *Mason*, 15 Mo. App. 141–146.) Any interest which the homesteader has in the homestead premises which entitles him to possession will support a homestead. (*Spencer* v. *Geissman*, 37 Cal. 99; *Brooks* v. *Hyde*, 37 Cal. 373.) The word "premises," in Civil Code, sections 1251, 1263, does not denote the *corpus* of the thing owned, but the property or right of the owner therein.

*C. N. Wilson*, for Respondent.

The court below followed the code, sections 1241–1259, the provisions of which must prevail, regardless of the decisions of the courts of New Hampshire and Missouri.

McFARLAND, J.—Execution was issued upon a judgment in favor of plaintiff herein against L. C. Alexander *et al.*, and levied on land upon which Alexander had declared a homestead. Under sections 1245 et seq. of the Civil Code, persons were appointed by the court to appraise the value of the homestead. They reported that the property covered by the homestead was of the value of fifteen thousand dollars; that it could be easily divided, and that they had set off as a homestead a certain part of the land, including the dwelling-house of Alexander, and most of his improvements, which was of the value of five thousand dollars. Alexander claimed that he owned only a life estate in the land, or a "mere right of personal occupancy during his lifetime"; and he moved that the appraisement be remanded for another report, in which his said life interest only should be appraised, and that he be allowed to prove that he had only such interest. He also moved that the premises be sold as an entirety, and five thousand dollars of the proceeds paid to him. The court overruled said motions, and Alexander appeals from the orders denying said motions,

and also from an order approving the report of the commissioners.

Assuming that said orders are appealable, we are satisfied that no error was committed by the court below. A homestead consists of "the dwelling-house in which the claimant resides, and the *land* on which the same is situated" (Civ. Code, sec. 1237), irrespective of the tenure, tenancy, or title by which he holds it. When an execution is sought to be enforced against it, the appraisers must "view the premises" and "appraise the value thereof,"—that is, the value of *the premises;* and if the value of the premises exceeds five thousand dollars, they must determine whether *the land* claimed can be *divided* without material injury. (Sec. 1251.) If from the report it appears to the judge that *the land claimed* can be divided, etc., he must "direct the appraisers to set off to the claimant so much of *the land,* including the residence, as will amount in value to the homestead exemption, and the execution may be enforced against the *remainder of the land.*" (Sec. 1253.) It is the land, including the residence, that "must amount in value," etc. There is no provision of the code on the subject of homesteads which makes any allusion to the title or kind of tenure by which the claimant holds the property, or requires any appraisement of the interest which he has therein. If he resides on the land, he may have a homestead on so much of it as does not exceed in value five thousand dollars against any person, except one who has a better title, no matter what his own title is; and when an execution creditor claims that he is holding as a homestead more than he is entitled to, that question must be determined by the value of the land. Any other rule would lead to infinite confusion. Can it be contended that a man can have, and keep, and enjoy as a homestead a large and valuable tract of land worth ten times the amount of exemption, and can prevent a creditor from having set off to him a part of the land, including his dwelling-

house, of the value of five thousand dollars, because he claims only a life estate in the whole, and owing to the uncertainty of life, such estate might not bring a large sum at sheriff's sale? The question here is not what title would a purchaser get if the property were sold. A purchaser at sheriff's sale never gets higher title than that held by the judgment creditor. Whenever it appears that a homestead claimant holds land of greater value than five thousand dollars, and a creditor seeks to subject the excess to his execution, the court must first find out, through appraisers, whether it can be "divided without material injury"; and if it can be so divided, and a part worth five thousand dollars set off to the claimant, that course must be pursued. That was the fact, and such was the course pursued in the case at bar, and there the proceedings properly ended. If large and valuable properties could be held as homesteads under the pretense that the claimants had less than titles in fee-simple thereon, schemes could easily be contrived with relatives and friends by which the machinery of the homestead law, designed for beneficent purposes, could be used as a means of dishonesty and fraud. These views are in entire accord with the cases of *Spencer* v. *Geissman,* 37 Cal. 99, and *Brooks* v. *Hyde,* 37 Cal. 366.

The orders appealed from are affirmed.

PATERSON, J., SHARPSTEIN, J., THORNTON, J., WORKS, J., and BEATTY, C. J., concurred.