WATTERSON, RESPONDENT, *v.* E. L. BONNER CO. ET
AL., APPELLANTS.

[Submitted May 19, 1897.   Decided May 24, 1897.]

*Public   Lands—Statutory   Homestead—Fixtures—Mortgage.*

PUBLIC LANDS—*Statutory Homestead.*—A homestead (under the state statute) can be
    had in lands belonging to the United States; the nature of the claimant's title is not
    a matter that concerns a creditor,

SAME—*Fixtures.*—All the improvements upon the land, including fences, belong to the
    homestead and cannot be taken by a creditor.

SAME—*Mortgage.*—A mortgage of a homestead, which is not signed by the wife, is
    void.

*Appeal from District Court, Deer Lodge County.   Theo.
Brantley, Judge.*

AN ACTION by Sarah M. Watterson against the E. L.
Bonner Company, a corporation, and John W. Nelson, sheriff
of Deer Lodge county.   Judgment for plaintiff; and defend-
ants appeal.   Affirmed.

Statement of the case by the justice delivering the opinion.

It appears from the record in this case that the plaintiff is
the wife of one James A. Watterson, and that in the month
of March, 1890, the plaintiff, with her said husband and
minor children, located on the land described in the complaint,
which was at that time surveyed public land.   The plaintiff,
with her said husband and children, continued to live on the
land until about the last of October, 1894, when the said
James A. Watterson deserted and abandoned his wife and
family, and since that time has continued to live separate and
apart from them, doing nothing to provide for or maintain
them.   While the plaintiff and her husband resided upon said
land, they erected thereon a log cabin, some outhouses, and
fenced in a portion of said land.   These improvements were
placed upon the land before Watterson deserted his wife and
family.   On the 26th day of April, 1894, the said Watterson

executed to the defendant E. L. Bonner & Co. a chattel mortgage on the buildings, improvements, and fences on said land, for the purpose of securing a debt due from said Watterson to the defendant Bonner & Co. The plaintiff in this suit did not join in the execution or sign said mortgage.

About the time of the commencement of this action, the plaintiff in this suit filed on the land mentioned in the complaint as a homestead. This suit is brought by the plaintiff to enjoin the defendants from foreclosing said chattel mortgage, in accordance with the terms thereof, the plaintiff claiming the land and improvements as a homestead.

The defendants demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled. Thereupon the defendants filed their answer.

The case was tried by the court, without a jury. The findings and judgment of the court were in favor of the plaintiff. Defendants made a motion for a new trial, which was overruled.

The appeal is from the judgment and the order overruling the motion for a new trial.

*Ed. Scharnikow*, for Appellants.

*James M. Self*, for Respondent.

PEMBERTON, C. J.—The first question to be determined is as to whether a person may claim a homestead which is situated on public land of the United States.

This question has been decided by the supreme court of the state of California in a number of cases. In *Spencer* v. *Geissman*, 37 Cal. 96, Chief Justice Sawyer, speaking for the court, says:

"The statute does not specify the kind of title a party shall have in order to enable him to secure a homestead. It says nothing about title. The homestead right given by the statute is impressed on the land to the extent of the interest of the claimant in it, not on the title merely. The actual

homestead, as against everybody who has not a better title, becomes impressed with the legal homestead right, by taking the proceedings prescribed by the statute. The estate or interest of the occupant, be it more or less, thereby becomes exempt from forced sales on execution, and can only be affected by voluntary conveyances or relinquishment in the mode prescribed.''  .

In *Gaylord* v. *Place*, 98 Cal. 472, 33 Pac. 484, it is held that ''mineral land of the United States located and chiefly used by the owners as a placer mining claim, but also used as a place of residence for himself and family, and to some extent for pasturing stock and raising vegetables, is subject to selection as a homestead. A homestead right does not depend upon the character of the title held or which may be acquired by the party claiming it; but it is impressed on the land to the extent of the interest of the claimant in it, who has actual and rightful possession of the premises at the time of selection, and not on the title merely, which, as between the claimant and his creditors, is a false quantity, to be excluded from consideration.'' *Brooks* v. *Hyde*, 37 Cal. 366.

We are of the opinion that the question of the claimant's title to the land upon which a homestead exemption is claimed is immaterial. Whether the title to the land be good or bad is not a matter that concerns the creditor.

It this case the appellant concedes that the plaintiff is entitled to the house in which she and her children live under her claim of homestead, but insists that the homestead claim should not extend to the outhouses, fences, and other improvements included in the chattel mortgage executed by J. A. Watterson.

This question is discussed at length in *Greeley* v. *Scott*, 2 Woods, 657, Fed. Cas. No. 5,746, and in *Conklin* v. *Foster*, 57 Ill. 104. According to these authorities, the outbuildings, fences, and other improvements constitute part of the homestead, and cannot be sold under legal process, unless, taken all together, they exceed the amount exempted to the homesteader.

It would be a strange kind of benefit to confer upon a farmer a house to live in free from sale under legal process, and refuse him a fence to protect his crops grown upon his homestead.    See *Englebrecht* v. *Shade*, 47 Cal. 627, and *Arendt* v. *Mace*, 76 Cal. 315, 18 Pac. 376.

The authorities are so numerous to the effect that the abandoned wife may claim the homestead exemption that we do not think it necessary to discuss the question here.    See *Frazier* v. *Syas* (Neb.) 4 N. W. 934, 35 Am. Rep. 466; *Collier* v. *Lattimer*, 35 Am. Rep. 711; and *Kenley* v. *Hudelson*, 39 Am. Rep. 31.

We are of the opinion that the premises described in the pleadings constituted the homestead of the plaintiff at the beginning of this suit, and prior thereto.

It appearing, therefore, that she did not sign or otherwise join her husband in the execution of the chattel mortgage conveying the same to the defendant the E. L. Bonner Company, the mortgage was for that reason absolutely void, as was held by this court in *American L. & S. Association* v. *Burghardt*, recently decided, and reported in 48 Pac. 391.

We think the foregoing treatment determines all the material questions presented by this appeal.    The judgment and order appealed from are affirmed.

*Affirmed.*

Hunt and Buck, J. J., concur.