*S. M. Hunter and Flory & Flory,* for plaintiff in error.

*Kibler & Kibler,* for defendant in error.

---

## HOMESTEAD.

[Circuit Court of Cuyahoga County.]

T. I. KERNS v. AUGUSTA F. LINDEN ET AL. *

Decided, November 11, 1901.

*Allowance of Homestead—Out of Life Estate—Purpose of Section 5438—Property Relieved from Judgment Only While Occupied as Homestead.*

In setting off a homestead in property to one holding a life estate therein, the purpose of the statute is subserved if an amount is set off the fee simple title to which is worth $1,000.

MARVIN, J.; CALDWELL, J., and HALE, J., concur.

This action comes into this court by appeal from the court of common pleas.

The facts are that the plaintiff obtained a judgment in the court of common pleas against the defendants, Augusta F. Linden and her husband, John Linden, and that an execution upon such judgment was levied upon about fifty-seven acres of land in this county, in which the defendant, Augusta Linden, has a life estate. On this land is the dwelling house occupied by the two Lindens, husband and wife, and their children, as a family homestead.

---

* Dismissed by the Supreme Court for failure to file printed record.

There is another judgment lien upon the same property, and the purpose of the present action is have the liens marshaled and this property subjected to the payment of the claims of the lienholders. Augusta Linden claims a homestead exemption, and to this she is clearly entitled. The only question is as to the manner of ascertaining such homestead.

On the part of the Lindens it is urged that since the only estate which they or either of them have in the premises is the life estate of Augusta, there should be set off and assigned to her an amount of this property such that her life estate in the amount so set off, shall be worth one thousand dollars, and it is said that this will take the entire property.

On the other hand, it is urged that without reference to what estate Augusta holds in the property, there should only be set off to her an amount the fee simple to which is worth one thousand dollars, and that the balance of her life estate be sold for the purpose of satisfying these liens.

The language of Section 5438, Revised Statutes, is:

"The officer executing any writ of execution founded on a judgment or order shall, on application of the debtor, his wife, agent, or attorney, at any time before sale, if such debtor has a family, and if the lands or tenements about to be levied upon, or any part or parcel thereof, constitute the homestead thereof, cause the inquest of appraisers, upon their oaths, to set off to such debtor, by metes and bounds, a homestead not exceeding one thousand dollars in value."

The purpose of the statute is to save to the unfortunate debtor who has a family, a place where he and such family may live. The property set off is not thereby relieved from being subjected to the payment of the judgment in such wise that it can never be so used, but is relieved only from being so subjected while it is occupied as a homestead for the family.

It is manifest that this purpose will be subserved as well to set off an amount, the fee simple title to which is worth one thousand dollars, to one who only has a life estate, as it would be if the debtor owned the fee simple in the property, for, in neither case, could any benefit be derived by the debtor beyond

his own life, and that he may have as well where he has a life estate as where he has the fee simple.

tained.  See *Brown* v. *Starr*, 21 Pac. Rep., 973 (79 Cal., 608; 12

Statutes similar to ours and enacted for the same purpose, have been construed in other states, and this view has been sus-

Am. St. Rep., 180); *Yates* v. *McGibbon*, 66 Iowa, 357 (23 N. W. Rep., 752); *France* v. *Lucas*, 14 Bush (Ky.), 395; *Arnold* v. *Jones*, 77 Tenn., 545, and *Crigler* v. *Connor*, 11. S. W. Rep., 202 (10 Ken. L. Rep., 957).

The order will require the appraisers to set off and assign to Augusta F. Linden land including the house, an amount the fee simple of which is worth one thousand dollars; and the life estate of Augusta in the remainder will be sold.  In case such an assignment can not be made by metes and bounds, then the order will be in the usual form, providing for ascertaining the rental value of the property and the application of so much of such rental value as exceeds one hundred dollars a year to the payment of the liens.

*V. A Andrew* and *F. A. Shepherd*, for plaintiff.

*J. T. Sullivan*, for defendants.