[L. A. No. 3561.   Department Two.—February 16, 1916.]

## MARY JANE BELL, Administratrix With the Will Annexed of the Estate of Solomon Bell, Deceased, Appellant, v. C. N. WILSON, Respondent.

HOMESTEAD — PUBLIC LAND — CONTIGUOUS TRACTS.—A declaration of homestead upon a tract of two hundred and one acres of land consisting, by government subdivisions, of eighty acres, upon which the claimant resided with his two minor children and had filed a preemption declaratory statement, and an adjacent eighty acres and two fractional lots, upon which claimant had a timber culture entry at the time of filing the declaration, after which claimant canceled the timber culture entry and filed a homestead entry in its place, which in turn was canceled and a state lieu selection filed, creates a valid homestead upon the entire tract.

ID.—LIMITATION AS TO AMOUNT OF LAND INCLUDED.—There is no limitation in this state as to the amount of land or the number of contiguous tracts which may lawfully be impressed with a homestead.

ID.—SOLE LIMITATION IS UPON VALUE—EXCESS OF STATUTORY LIMITATION SUBJECT TO RIGHTS OF CREDITORS.—The limitation is upon the value of the land and not upon the acreage, but if the value of the land is proved to be in excess of five thousand dollars, the homestead exemption goes only to that amount, and the excess over that sum is subject to the demands of creditors.

ID.—CHARACTER OF TITLE UNESSENTIAL — POSSESSION SUFFICIENT—AFFECTS SUBSEQUENTLY PERFECTED TITLE.—The homestead does not depend upon the character of the title of the claimant, a mere naked possession being sufficient to receive the homestead characteristic, and every improvement in the title including its perfection will be impressed with the same homestead characteristic.

ID.—PUBLIC LANDS IN POSSESSION OF CLAIMANT—RIGHTS OF OWNER OF SUPERIOR TITLE.—One can acquire a homestead upon public lands of the United States of which he has possession and can maintain his homestead rights against all the world except the owner of the superior title.

ID.—ABANDONMENT—SOLE METHOD PRESCRIBED BY STATUTE.—Under the
   statute now in force (section 1243 of the Civil Code), a homestead
   can be abandoned only in the manner therein prescribed, which is
   declared to be "by a declaration of abandonment, or a grant thereof,
   executed and acknowledged."

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.
N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Will D. Gould, for Appellant.

Leon F. Moss, for Respondent.

HENSHAW, J.—This is an action by a judgment creditor
who seeks to have held void a homestead declared by the judg-
ment debtor upon certain real estate. It is alleged that
plaintiff has a judgment exceeding nine thousand dollars
against defendant, which defendant refuses to pay; that there
is a homestead upon the property declared by defendant;
that the homestead has not been canceled of record or aban-
doned, and that the lands affected by the homestead "would
now be subject to the statutory lien of said judgment and
would now be subject to levy of execution and sale for the
satisfaction of the judgment were not the same now covered
by said declaration of homestead." It is further alleged that
the lands affected by the homestead declaration exceed in
value ten thousand dollars and are sufficient to satisfy plain-
tiff's judgment. Plaintiff does not elect to proceed under
section 1245 of the Civil Code and subject this asserted excess
value of the homestead over five thousand dollars to the pay-
ment of the judgment, but rests her whole action upon the
legal contention that the homestead itself is void.

In all essentials of form and substance the declaration of
homestead is unquestionably good. Its illegality and conse-
quent voidness plaintiff and appellant asserts consists in this:
The homestead covered a single tract of land, consisting,
however, by government subdivisions, of eighty acres, upon
which defendant had filed a pre-emption declaratory state-
ment. South of this was another eighty acres and two frac-
tional lots upon which the defendant had a timber culture

entry. Such was the condition of his titles at the time of the declaration of the homestead. The timber culture entry was afterward canceled by a relinquishment, and defendant thereafter filed a homestead entry on the lands embraced in the former timber culture entry. The homestead entry in turn was canceled by a relinquishment and a state lieu selection embracing the same land was filed on the same day. Appellant's contention is that as respondent had entered upon and pre-empted eighty acres of land, his right to declare a homestead was limited to that eighty acres, as upon that eighty acres only could he have resided within the contemplation of the law, and that his effort to embrace within his homestead claim two hundred and one acres was, as to the excess over the eighty acres, void; that defendant could not have a dual residence which would entitle him to complete his pre-emption purchase and at the same time entitle him to homestead the adjoining land; that the homestead declaration declared the value of all the land to be two thousand five hundred dollars, but made no separate declaration as to the value of the pre-emption claim, which alone could legally be affected by the homestead declaration, and that therefore the homestead declaration as to all of the land was invalid and void for this failure to specify value.

In support of this position appellant cites a number of decisions of the land department, sound in their legal declaration, to the effect that a claimant cannot pre-empt land under the United States laws while residing on other land, and that, consequently, as declared by this court in *Tromans* v. *Mahlman,* 111 Cal. 646, 647, [44 Pac. 327], the declaration of homestead cannot be extended over land not resided on. *Hesnard* v. *Plunkett,* 6 S. D. 79, [60 N. W. 159], is also relied upon in support of appellant's contention.

But appellant quite misconceives the meaning of our homestead laws, which, as correctly construed, fail to sustain his position and fail equally to give any pertinency in this discussion to the decisions of the land office and of the supreme court of South Dakota in the case above cited. But before touching upon these matters, it should be pointed out that the evidence establishes that at the time of the declaration of homestead defendant had been married and was residing upon the eighty acres acquired by pre-emption, with two minor children. The land was not fenced. Defendant had

filed an application for a certificate of purchase on the other
portion of the land outside of the pre-emption eighty acres.
He had a bee ranch and bought these other waste lands for
the purpose of bee culture. He occupied these lands for that
purpose, and with a pick had dug and planted twenty acres
of eucalyptus and other trees upon the land. Furthermore,
there is no evidence tending to show that defendant had not
been in the exclusive possession and control of all the lands
in controversy with his improvements thereon continuously
from the time of the homestead declaration; and, indeed, ap-
pellant, as has been indicated, does not attack the homestead
upon any evidentiary showing other than that which we have
outlined. In other words, he contends that it is a legal im-
possibility for the defendant to have been able to occupy for
purposes of homestead under the laws of the state of Cali-
fornia any land other than the pre-emption eighty acres.
This, as we have intimated, is the fundamental error into
which he falls. There is no limitation in this state as to the
amount of land or the number of tracts and parcels of land
(provided they are contiguous) which may be lawfully im-
pressed with the homestead characteristics. The limitation is
upon the value of the land and not upon the quantity or acre-
age. If the value of the land is proved to exceed five thou-
sand dollars, the homestead protection and exemption goes
only to that amount, and the excess over is subject to the
demands of the creditors. (*Brown* v. *Starr*, 79 Cal. 608, 611,
[12 Am. St. Rep. 180, 21 Pac. 973].) Again, as was long
ago decided in this state, the homestead in no wise depends
upon the character of the title which the homestead claimant
has. A mere naked possession, without other title, may be
impressed with the homestead characteristic. (*Spencer* v.
*Geissman,* 37 Cal. 96, [99 Am. Dec. 248].) Whatever the
character of the claim or title which the declarant has at the
time of making the declaration, the homestead right will at-
tach to such claim or title, and every improvement in the title
to and including its perfection will be impressed with the
homestead characteristic. (*Alexander* v. *Jackson,* 92 Cal.
519, [27 Am. St. Rep. 158, 28 Pac. 593]; *Brown* v. *Starr,* 79
Cal. 608, 611, [12 Am. St. Rep. 180, 21 Pac. 973]; *King* v.
*Gotz,* 70 Cal. 241, [11 Pac. 656]; *Gaylord* v. *Place,* 98 Cal.
478, [33 Pac. 484].) Imperfections in or even the absence
of a title is a false quantity which must be excluded from

consideration. (*Brooks* v. *Hyde,* 37 Cal. 373.) Conse-
quently, the character of the title to the land impressed with
the homestead not being a matter which in the slightest con-
cerns the creditor, a debtor can claim a homestead on public
lands of the United States of which he has possession and
maintain his homestead rights against all the world but the
owner of the superior title. (*Watterson* v. *Bonner Co.,* 19
Mont. 554, [61 Am. St. Rep. 527, 48 Pac. 1108].) And
finally upon this matter, it is to be pointed out that while in
the early case of *Gregg* v. *Bostwick,* 33 Cal. 220, [91 Am.
Dec. 637], it was held that a homestead could be abandoned
by nonuse—a construction which still obtains in some of the
states—under the statute now in force, and in force at the
time of the declaration of this homestead, it can be abandoned
only in the manner prescribed by statute, which is declared
to be "by a declaration of abandonment, or a grant thereof,
executed and acknowledged." (Civ. Code, sec. 1243.)
Moreover, plaintiff has pleaded nonabandonment.

With these, our laws, before us, it must be quite apparent
that there is nothing obnoxious to those laws in the declara-
tion of homestead here under consideration. In other words,
disregarding, as we must and do, the matter of title, or con-
ceding that a title superior to the homestead claim was vested
in the government of the United States to the lands lying
outside of the pre-emption eighty acres, whatever title or pos-
session the defendant did have in that outlying land was sus-
ceptible of being impressed with the homestead characteristic
and was in fact impressed with it by his declaration and use.
And this, indeed, has been directly decided in the similar case
of *Payne* v. *Cummings,* 146 Cal. 426, [106 Am. St. Rep. 47,
80 Pac. 620], where the declaration of homestead covered five
hundred and twenty-three acres, including a pre-emption
claim, a desert land claim, and water rights in which the
claimant had a part interest.

The South Dakota case to which reference has been made
may now be briefly considered. The facts in that case were
that under the territorial laws of Dakota one might impress
a homestead upon land not exceeding one hundred and sixty
acres. Of course the United States land laws provided for
homesteads of an entirely different character, but limited the
maximum acreage of those homesteads also to one hundred
and sixty acres. Plaintiff had pre-empted and secured a pat-

ent to one hundred and sixty acres. Upon this one hundred and sixty acres he declared a homestead under the territorial laws. He then undertook to secure to himself a homestead under the United States laws to an adjoining one hundred and sixty acres of government land. To do this he sold nineteen acres of his one hundred and sixty acres homesteaded under the territorial law and moved his residence on to a corresponding nineteen acres of the one hundred and sixty acres, title to which he proposed to acquire under the United States homestead law. When the legality of the two homesteads was challenged he insisted that he was complying with the federal laws by living upon this nineteen acres of the one hundred and sixty acres, and, upon the other hand, that he was entitled to attach this nineteen acres to the one hundred and forty-one acres of his territorial homestead, and thus retain his homestead exemption to one hundred and sixty acres under the territorial law. For reasons so plain and obvious that they do not even require setting forth, the supreme court of South Dakota held that such a fraud would not be permitted. There is not even a resemblance in the situation presented in that case to that which confronts us here.

The judgment and order appealed from are therefore affirmed.

Melvin, J., and Lorigan, J., concurred.

Hearing in Bank denied.