**ECONOMY SAVINGS & LOAN CO., Plaintiff-Appellee, v. SPENCER et, Defendants-Appellants.**

Ohio Appeals, Second District, Darke County.

No. 740. Decided April 26, 1956.

Floyd D. Smith, Greenville, for plaintiff-appellee.
Spidel, Staley & Hole, Greenville, for defendants-appellants.

**OPINION**

By MILLER, PJ:

This is a law appeal from a judgment of the Common Pleas Court defining the homestead exemptions to which the appellants are entitled under §2329.73 R. C.

The record reveals that the plaintiff-appellee, The Economy Savings & Loan Company, has an unsatisfied judgment against the defendants-appellants, Orlie Spencer and Irene Spencer; that said defendants are husband and wife, living upon a tract of land consisting of eighty acres and in which they own a life estate. Their interest in this land was levied upon by the sheriff pursuant to an execution issued at the instance of the plaintiff; that the life estate of the defendants was appraised at $800.00; that the defendants then claimed that the said life estate was exempt from execution under the cited section of the.

Revised Code. The court held that the value of the life estate could not be claimed as a homestead, but ordered the appraisers to determine by metes and bounds the extent of land surrounding the residence and that the appraisers then appraise the said land as a fee simple estate rather than a life estate and that should said figure exceed the sum of $1000.00 then they were to place an annual rental value upon the said premises as required by §2329.78 **R. C.** Pursuant to this order the appraisers appraised the homestead, fixed the value of the fee at $2500.00, and set off to the defendants an annual rental thereof of $300.00 a year. The court confirmed and approved this appraisal of the homestead, and it further ordered that the sheriff proceed to advertise and sell at public auction the life estates of the defendants in the real estate, and that the same be sold subject to their homestead as set forth by the appraisers and subject to conditions as set out by them; that the real estate be sold for cash and for not less than the appraised value of $800.00.

The question presented is whether the defendants are entitled to a homestead, the fee of which does not exceed the sum of $1000.00 in value, or a homestead in which the value of the life estate does not exceed $1000.00. The exemption is claimed under §2329.73 **R. C.**, which reads as follows:

"Husband and wife living together, a widow or a widower living with an unmarried daughter or unmarried minor son, may hold exempt from sale on judgment or order a family homestead not exceeding one thousand dollars in value."

When the value of the homestead exceeds $1000.00 and it is not divisible, then §2329.78 **R. C.**, becomes applicable, to wit:

"When the homestead of a debtor in execution consists of a house and a lot of land which, in the opinion of the appraisers, will not bear division, without manifest injury and inconvenience, the plaintiff in execution shall receive, in lieu of the proceeds of a sale of the homestead, the amount above one hundred dollars, annually adjudged by the appraisers as a reasonable rent for it, until the debt, costs, and interest are paid. The rent above one hundred dollars shall be payable in quarterly payments, beginning three months from the time of the levy of execution, and may be paid to the plaintiff in execution, or his assigns, or the clerk of the court of common pleas of the county in which the homestead is situated. The clerk shall give to the person paying it a proper receipt, and enter it on the execution docket without charge. If the rent is not paid as provided in this section, or within ten days after each payment becomes due, the officer must sell the homestead, in the manner provided in other cases for the sale of real estate, but not for less than its appraised value."

In the case of Kerns v. Linden, 3 O. C. C. (N. S.) 37, the question presented here was decided, the court holding that the purpose of the statute is subserved if an amount is set off the fee simple title to which is worth $1000.00. The reason for the court's conclusion seems to be well stated at page 38, to wit:

"The purpose of the statute is to save to the unfortunate debtor who has a family, a place where he and such family may live. The property

set off is not thereby relieved from being subjected to the payment of the judgment in such wise that it can never be so used, but is relieved only from being so subjected while it is occupied as a homestead for the family.

"It is manifest that this purpose will be subserved as well to set off an amount, the fee simple title to which is worth one thousand dollars, to one who only has a life estate, as it would be if the debtor owned the fee simple in the property, for, in neither case, could any benefit be derived by the debtor beyond his own life, and that he may have as well where he has a life estate as where he has the fee simple.

"Statutes similar to ours and enacted for the same purpose, have been construed in other states, and this view has been sustained. See Brown v. Starr, 21 Pac. Rep., 973 (79 Cal., 608; 12 Am. St. Rep., 180); Yates v. McGibbon, 66 Iowa, 357 (23 N. W. Rep., 752); France v. Lucas, 14 Bush (Ky.), 395; Arnold v. Jones, 77 Tenn., 545, and Crigler v. Connor, 11 S. W. Rep., 202 (10 Ken. L. Rep., 957)."

An examination of the cases cited supra reveals that they are all in accord with the court's conclusion. Also, in 20 O. Jur. 998, the author gives the same interpretation to the cited section of the Revised Code. Counsel for the appellants has cited no authority which supports their views, but simply urges that this Court should not support the previous interpretations given to the statute. With this we cannot agree, but are in accord with the legal principles adopted by the trial court.

We find no error in the record and the judgment will be affirmed.

HORNBECK, J, concurs.
WISEMAN, J, not participating.