JUDGE ROBERTSON
delivered the opinion oe the court.
About tbe first of tbe year 1850 Archibald Woods, of Mercer County, Kentucky, died testate. His will, after directing the payment of his debts with his personalty, and bequeathing to each of four infant grandchildren $250, contained the following residuary devise:
“All the balance of my estate, real, personal, and mixed, of every kind and description, I will to my beloved wife during her life; and at her death I will all of said estate to my son, Hr. John Woods, with the understanding that he, my son, is to live with his mother, and take care of, control, and use the property with and in conjunction *202 with her, having it distinctly understood that his said mother is to have an ample support during her life from the proceeds thereof. In the event of the death of my son John without children, then and in that event, after the death of my son John’s present wife, whom I will and desire shall enjoy and have the use of said property during her life, I will all of said estate of every kind and description to my four grandchildren, in equal proportions, share and share alike.”
After John had under that trust lived with his mother some years, becoming dissatisfied with the cares and responsibilities of the imposed curation, he determined to abdicate, and substitute the cross-appellants, the one a daughter-in-law and the other a grandson and legatee of the testator; and accordingly he made an agreement with them, in consideration of a transfer to them of his interest in the estate, that they should live with and take care of his mother, which they faithfully did until her death, in the year 1862. Their residence was on about ten acres of land in the suburbs of Harrodsburg, which seems to have been the whole unexhausted estate except furniture remaining when they entered.
After they entered on the trust, John, who had left, contracted with the appellant Crawford a debt of about $5,000, to enforce the payment of which was the object of this suit. After various proceedings not necessarily involved in the decision of these appeals, the circuit court properly vacating two successive purchases by the appellant of John’s supposed interest at sales under execution on the judgment, decreed the sale of the house and about eight acres of the land for satisfying the judgment, and refused any relief to the cross-appellants, claiming John’s interest under their contract, or fair compensation for their tutelar services for four years. Both parties appealed.
*203 Whether John’s interest depended on a fulfillment of the trust we need not determine, because his substitutional fulfillment, with his mother’s consent, was equivalent to his own pei’sonal perfoxunanee.
Nor is it material in this case to define John’s interest, because, whatever it was, the appellant Crawford claims that and no more. And if, as we adjudge, it passed under the contract of substitution, he can be entitled to no relief in this suit.
As to the litigation eoneex’ning that contract, John Woods was not a party to that issue. He admitted the contract, and thereby disclaimed; and, his interest preponderating in favor of his creditor Crawford, he was therefore a competent witness against him. His depositioxx proved the contract as alleged, and disclaimed any right to the property. But, independently of this, the cross-petition charging the contract was, as before suggested, taken for confessed against him. That contract is therefore established, so far as appellant Crawford is concerned, in this case. Was it unavailing as to him? We think not. Not only was it, in apparent good faith, made and partially executed before he became a creditor, with constructive notice of it through the actual occupancy and cohabitancy of the cross-appellants with the old lady, but the want of a written memorial of it did not make it void. It was only voidable by the parties to it, and being adhered to and recognized by them, no stranger can interpose between them and avoid it against their consent merely because it was not written. Crawford, as John’s creditor, has therefore no equitable right as against his cross-appellants to sxxbject that transferred interest to the satisfaction of his debt; and the decree for satisfaction is consequently erroneous, and is reversed on the cross-appeal of M. & A. Woods.
*204 The appeal against Hardin must be affirmed. Crawford had no interest to be affected by the priority decreed to Hardin. M. & A. Woods, who might be affected, make no complaint, and could not complain availably.
The legacies to the four grandchildren are constructively charged on the real estate, and on the return of the cause this matter should be adjusted so as to relieve the house and lot of the encumbrance to which they were subject when John Woods transferred his interest.
Wherefore Crawford’s judgment for sale is reversed, and Hardin’s judgment on the lien is affirmed, and the cause is .remanded for such further proceedings as may be proper according to the principles of the foregoing opinion, after the dismission of Crawford’s action.