B. F. SECRET'S TRUSTEE *v.* R. D. WADE, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—421.]

**Sale of Land by Parol.**

    The sale of land by parol is not void as between the parties, and where the vendee takes possession under his purchase and is claiming the land such possession is notice to others of his claim of ownership, and he should not be disturbed in his possession or ownership.

APPEAL FROM GRANT CIRCUIT COURT.

November 8, 1883.

OPINION BY JUDGE PRYOR:

The sale of the land by parol to the appellee, Wade, is not void as between the parties, and the vendee being in the actual possession, claiming the land under the parol purchase, is notice to the execution purchaser. Myers sold this land or exchanged it with Wade for two small tracts owned by Wade. The latter made Myers a conveyance to one of the tracts but Myers for some reason declined to take the

other tract and Wade paid him its value, $600. Wade had no deed to the land obtained from Myers, but was placed in possession when the exchange was made, and was on the land by his tenant when the execution under which appellant claims was levied and the land sold. It is insisted that $600 of the money, the value of the tract Myers declined to take, was paid after the levy and sale. This is immaterial in the event Wade acted in good faith or was a bona fide purchaser. He had conveyed the greater part of his land to Myers, and the contract being partly executed he was unable to obtain his title in any other way.

Here are two purchasers in good faith, the one in possession who has paid for the land, and the other out of possession claiming that the parol sale passed no title and that he had the right to sell it under the execution although the appellee, Wade, was in the possession. This was notice to the appellant and should have placed him on inquiry. The lands between Myers and Wade had been exchanged several years prior to the levy and sale under the execution, and the tenant of Myers continued in possession under Wade. This was before any judgment or execution against Myers and was such a change of possession as amounted to notice to the execution creditor.

Myers died insolvent, and the land of Wade and the money paid as is alleged is now in the possession of the chancellor for distribution between the creditors of Myers, and under such circumstances there would be but little equity in requiring the appellee, Wade, to surrender his land to the execution creditor for no other reason than that his purchase was by parol. Besides, there is evidence conducing to show that Myers had redeemed the land that he had sold to Wade by subsequently paying this execution; and whether the proof is or is not satisfactory on this point, Wade acquired his title from Myers although after the levy and sale, and should remain undisturbed in his right. See *Crawford v. Woods,* 6 Bush (Ky.) 200; *Russell's Exr. v. Moore's Heirs,* 3 Metc. (Ky.) 436.

Judgment *affirmed.*

*Collins & Fenley, for appellant.*
*J. J. Landrum, for appellees.*