R. D. WADE AND WIFE *v.* W. L. NORMAN, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—689.]

**Gift of Land with Possession.**

Where a land owner not being in debt makes a parol gift of land to his daughter, and the daughter and her husband take full possession thereof and hold it adversely to all the world for more than twenty years, the daughter's title is good, and a sale of the land by the sheriff to satisfy a judgment against the donor on a claim which arose more than twenty years after the donee took possession of the land, will be void.

**Possession Notice to Creditors.**

A parol purchase of land and possession under it is notice to the creditors of the vendor, and they can not disturb the sale upon the ground that the contract was not in writing.

APPEAL FROM GRANT CIRCUIT COURT.

February 28, 1884.

OPINION BY JUDGE PRYOR:

Lewis Myers died in the year 1876 intestate, and his son, John Myers, was appointed his administrator. The administrator filed a petition in equity for the settlement of his estate and a sale of the realty for the payment of his debts. A part of the land sought to be sold was claimed by the daughter of the intestate, Mrs. Wade, and she filed her answer and cross-petition alleging a parol gift of the land to her by her father in the year 1848 and a continued possession from that date claiming it as her own. On the 15th of January, 1875, and before the death of the intestate the appellee,

Norman, under an execution in his name against the intestate, had fifty acres of the land claimed by Mrs. Wade sold to satisfy the debt or judgment and obtained a sheriff's deed. In September of the same year the appellee, McBee, had an execution levied on twenty acres of the same land and sold for a debt due him by the intestate and obtained a deed from the sheriff.

Wade and wife being in possession at the time of each sale and continuing in the possesion these execution purchasers instituted their action at law against Wade and wife for the recovery of the land, and their actions were transferred to equity and consolidated with the equity action by the administrator for the settlement of the estate.

Mrs. Wade in her answer and cross-petition alleges that in the year 1847 her father, Lewis Myers, owning a large quantity of land, gave to her by parol a tract of three hundred acres known as the Wilson tract and placed her in possession, that this tract was afterwards exchanged by him with her consent for a tract on the opposite side of the road known as the Happerton land, containing about two hundred eighty-two acres; that they moved from the Wilson land onto the Happerton tract into a little brick dwelling, her father and mother living with them, where they continued to reside until the husband of Mrs. Wade erected a dwelling on another part of the tract, to which they removed, leaving the intestate and his wife in the small brick house; that shortly after this, as early as 1852, her father left the brick house and moved back to what was known as the Hersey place. Hersey also married a daughter of the intestate. This daughter died without children, her father having given her by parol a tract of two hundred-twelve acres of land; when she died the intestate purchased out the interest of her husband for $3,000 and moved on to the land. Since that time, 1852, Wade and wife have been in the continued and uninterrupted possession of the land, claiming, using and occupying it as their own and holding as they allege adversely to all others.

The appellees are claiming that the intestate gave to his other children, Mrs. Hersey and John Myers, two hundred-twelve acres of land and that his purpose was to give to Mrs. Wade the same quantity. As early as the years 1851 and 1852 the husband of Mrs. Wade executed leases on the seventy acres of land, a part of the Happerton tract, on which the little brick house stood, for as long a

period as five years and the leases were attested by Lewis Myers. These leases indicate a plain purpose on the part of the intestate to give to Mrs. Wade the entire tract of land, and this parol gift having been made more than fifteen years and perhaps twenty years before the debts of the appellees were created there is no reason for disturbing the title or possession in favor of this class of creditors. The testimony as to the parol gift is overwhelming regardless of the leases executed by the husband of Mrs. Wade. Some ten or twelve witnesses established the gift and possession beyond controversy, and there is no room for dispute on this point when carefully analyzing the testimony.

The husband and wife took possesion of this land when in a state of nature, have developed it into a valuable farm and had been in the actual possession for near twenty-seven years before the suit was brought, and before the land was sold under execution. The intestate was a large landholder at the time these gifts were made and continued to be for a great many years. He would not have paid the taxes on the twenty acres of land in dispute for 1849, 1850, 1851, or if he did the taxes were paid after this by Wade and wife with a claim of title always asserted and they were in the actual possession. The declaration of Myers when he had surrendered the land was incompetent as against Wade and wife, but, if competent and giving to the testimony for the appellees its full force, the preponderance is so greatly in favor of Wade and wife as to remove all doubt as to their ownership.

The only question necessary to be decided arises as to the effect of the parol gift and the possession under it. That the gift was made is conclusively established; that the parties entered under it, claiming the land as Mrs. Wade's and have continued in the possession for more than twenty years is clearly shown, and if such entry and possession will give title, the appellees were not entitled to recover.

In the case of *Moore v. Webb*, 2 B. Mon. (Ky.) 282, the father placed his child in possession of land where she remained for twenty years or longer, claiming it as a gift from the father. The court held that the jury might presume that the possession was adverse or that a grant had been made. Here the gift was no doubt made and the parties entered under it, claiming the land as their own, and while the father might have made them a conveyance, so as to

perfect their title by matter of record, still this will not authorize a creditor after a possession of more than fifteen years by the child, claiming the property as hers, to apply to a court of equity or law for the purpose of having the gift declared inoperative. The gift was not void, nor was a writing after such a lapse of time necessary to perfect the gift.

The doctrine that a parol gift of land can not be enforced, has no application to the defense made by one who has entered under such a gift and been in possession for more than fifteen years when those making the gift undertake to oust him out of possession, and certainly not when third parties who have no equitable claim are seeking to avoid the gift. The father had the right to make it, and to execute it by placing the parties in possession, and that possession under a claim of ownership may be held for such a period as to bar the claims of the vendee and his creditors.

This transaction took place more than twenty years before these claims against the intestate were created. A parol purchase of land and possession under it is notice to the creditors of the vendor. The creditors of the vendor can not interfere and disturb the sale upon the ground that the contract was not in writing. *Crawford v. Hardin,* 6 Bush (Ky.) 200. The intestate could not have divested himself of title so as to affect existing creditors unless there has been such an adverse possession as would give title as against them. Such a possession is established in this case even as against existing creditors, and we see no reason why the defense in this case should not defeat the recovery either in a court of law or equity.

The gift, entry and possession under it, is pleaded in specific terms and constitutes a complete defense. The judgment therefore must be *reversed* and cause remanded with directions to adjudge the land in controversy to belong to Mrs. Wade and to dismiss the petition of Norman and McBee as well as the petition of the administrator in so far as they seek to recover this land.

*Collins & Fenley, for appellants.*

*E. H. Smith, for appellees.*

[Cited, *Turner v. Browning's Admr.,* 128 Ky. 79, 32 Ky. L. 891, 107 S. W. 318.]