W. F. JOHNSTON, Appellee, v. JOHN A. McPHERRAN, Appellee, AND A. S. McPHERRAN *et al.*, Appellants.

1. **Appeal:** RECORD: DOCUMENTARY EVIDENCE. Where the transcript of the reporter's notes shows that certain documents were offered in evidence, identified by exhibit marks, and, with two depositions of a witness named, were read upon the trial; and attached to such transcript are documents bearing exhibit marks identical with those called for in the transcript, and two depositions of the said witness, entitled as in the same cause, and filed in the office of the clerk of district court; and the transcript contains a copy of the judge's certificate to the original report of the evidence in short-hand, certifying that the same, together with the documentary evidence therein referred to, contains all the evidence offered; and the documents and depositions set out in the abstract are identical with those attached to said transcript, the identification of such documents and depositions will be deemed sufficient.

2.  **Fraudulent Conveyance of Real Estate:** MORTGAGE: HOME-
STEAD. Where one makes a conveyance of real estate without
consideration, and presumably in fraud of creditors, and under
agreement for a reconveyance thereof when requested, he retains
no such interest therein, as, upon his subsequent marriage, and
occupancy of the premises with his family, will enable the wife
to acquire a homestead interest in said property as against said
grantor's individual conveyance thereof in pursuance of a power
of attorney from the grantee under said fraudulent conveyance.

*Appeal from Tama Circuit Court.*—HON. C. HEDGES,
Judge.

TUESDAY, OCTOBER 21, 1890.

PLAINTIFF brought actions to foreclose two mort-
gages executed by John A. McPherran, by his attorney
in fact, A. S. McPherran, to secure certain promissory
notes of John A. McPherran. The first mortgage is to
the Ætna Life Insurance Company, dated June 4, 1872,
on the northeast quarter of section thirty-six, township
eighty-five, range fifteen, and northwest quarter of sec-
tion thirty-one, township eighty-five, range fourteen,
Tama county, which note and mortgage were assigned
to appellee. The other mortgage is to appellee, dated
December 13, 1876, and is upon said northwest quarter
of section thirty-one. John A. McPherran was served
by publication, and, failing to appear, defaults were
entered, and judgments rendered against the land.
Appellants, A. S. McPherran and Mary J. McPherran,
having been made defendants, as claiming some interest,
appeared and answered claiming a homestead in said
northwest quarter of section thirty-one, and contesting
the amount due upon the mortgage notes. The cases
were consolidated, and, after trial had, decree was
entered against appellants, from which they appeal.
The further facts necessary to be considered appear in
the opinion.

*Caldwell & Drahos* and *Stivers & Strong*, for appel-
lants.

*C. B. Bradshaw* and *E. C. Ebersole*, for appellee.

GIVEN, J.—I.  The appellee moves to strike parts of appellants' abstract, wherein certain documents and depositions are set out as having been offered in evidence, on the grounds that the same are not sufficiently identified.  The transcript of the reporter's notes shows that documents were offered and identified by exhibit marks, and that two depositions of John A. McPherran were read in evidence.  Attached to this transcript are documents bearing exhibit marks identical with those called for in the transcript, and two depositions of John A. McPherran entitled as in these cases, and filed in the office of the clerk.  The transcript also contains a copy of the judge's certificate to the original report, in shorthand, certifying "that the same, together with the documentary evidence therein referred to, contains all the evidence offered."  Such identification was held sufficient in *Way v. Council*, 76 Iowa, 741.  The documents and depositions set out are identical with those in the transcript, and there is no reason to doubt that they are the same that were offered in evidence.  Appellee's motion to strike is overruled.

1. APPEAL: record: documentary evidence.

II.  The facts relating to the question of homestead are these:  September 10, 1870, A. S. McPherran, then unmarried, was the owner of the lands in question.  At that time, and in consequence of some trouble, the nature of which does not appear, he deeded the lands to his brother, John A., without consideration, and with the understanding that John A. would reconvey whenever requested.  At the same time John A. McPherran executed a power of attorney to A. S. McPherran, authorizing him to sell, lease, mortgage, and otherwise fully control the land.  The deed was recorded September 29, 1870, and the power of attorney in May, 1872.  In March, 1871, appellants intermarried, and soon thereafter commenced improving the quarter in section thirty-one by erecting a dwelling on the northwest forty thereof, into which

2. FRAUDULENT conveyance of real estate: mortgage: homestead.

they moved. In June, 1872, A. S. McPherran, by vir-
tue of his power of attorney from J. A. McPherran, exe-
cuted the notes and mortgage to the Ætna Insurance
Company, and on December 13, 1876, by virtue of the
same authority, executed the mortgage to appellee.
Some time in 1874 or 1875, John A. McPherran executed
a quitclaim deed to A. S. McPherran for said northwest
quarter of section 31, which deed was never placed of
record, nor disclosed to the public, nor to the appellee.
On December 15, 1876, appellants joined in a deed for
the two quarter sections to John A. McPherran to cor-
rect the former deed from A. S. McPherran to John A.
McPherran. This deed was also duly recorded.

Appellants' contention is that, at the time of their
marriage, A. S. McPherran had an interest in these
lands; that by the marriage the rights of his wife
in that interest became vested, and that she did not
join in any conveyance thereof at or before the execu-
tion of these mortgages. The appellants rely upon
*Cotton v. Wood*, 25 Iowa, 46; *Chase v. Abbott*, 20
Iowa, 158, and *Stinson v. Richardson*, 44 Iowa,
375. The facts in this case being entirely differ-
ent, those cited are not in point. In those cases
there was an interest to vest in the wife, but in
this we think the husband had no interest in the lands
in question at the time of their marriage that the law
would enforce. He had conveyed the lands before mar-
riage by deed absolute on its face, but without consider-
ation, and because of some trouble that had come upon
him. We cannot conceive of any trouble that would
cause such a conveyance, but a fear of creditors, and if
the conveyance was made to defraud creditors, as we
conclude it was, then, as to John A., the appellant, A. S.,
was without remedy, as the law would not permit him
to benefit by his own wrong, by compelling a reconvey-
ance. It follows, therefore, that at the time of their
marriage A. S. McPherran had no interest in these lands
which the law would enforce, and, therefore, no interest
to become vested in his wife.

Another reason why appellants' claim to homestead should not be sustained is that, on December 15, 1876, they joined in a deed to John A. McPherran, to correct and perfect the deed theretofore executed to him by A. S. McPherran. True, this correction deed was not executed until two days after the last mortgage, but it was executed solely to correct the former deed, and by signing it Mrs. McPherran signed the same joint instrument with her husband, by which she concurred in the former conveyance.

It is contended that, if appellants ever had a homestead in this land, they had abandoned it. Being clearly of the opinion that appellants have no homestead rights in the land, for the reasons already stated, we need not determine whether the facts proven would constitute an abandonment or not.

III.   The notes and mortgage executed to appellee were given to secure a loan negotiated by Ebersole & Willett, as attorneys for John A. and A. S. McPherran. The mortgage being junior to that to the Ætna Insurance Company, and said attorneys having notes in their hands belonging to A. S. McPherran, it was agreed that they should collect said notes, and apply the proceeds, less their charges upon the mortgage debt, to appellee. Appellants contend that the notes were pledged as collateral security for the mortgage debt, and that the full amount realized thereon, less collection fees, should be applied thereon. There were two separate accountings and settlements between A. S. McPherran, appellee and the attorneys, of the amounts collected, and the amount to be credited on the mortgage debt agreed upon and credited.

A further discussion of the details of this transaction is unnecessary. It is sufficient to say, that we have examined the record with care, and are satisfied that the amounts found by the circuit court are correct. Our conclusion is that the decree of the circuit court should be AFFIRMED.