CASE 47—PETITION EQUITY—FEBRUARY 19.

## Moseley v. Bevins.

APPEAL FROM DAVEISS CIRCUIT COURT.

1 A DEBTOR IS NOT ENTITLED TO THE HOMESTEAD EXEMPTION AS AGAINST A DEBT CREATED PRIOR TO THE PAYMENT OF THE PURCHASE MONEY for the land, although the debt was created subsequent to the purchase of the land and the debtor's entry upon it as a homestead; and where a part of the purchase money was paid prior to the creation of the debt and the remainder subsequent to its creation, the land may be subjected to the extent of the purchase money paid after the debt was created.

2. CASE OVERRULED.—The case of Griffin v. Procter, 14 Bush, 571, overruled.

Moseley v. Bevins.

WEIR, WEIR & WALKER FOR APPELLANT.

A homestead is not exempt as against a debt created before it was paid
for, although it may have been purchased before the creation of the
debt. (Farmers and Drovers' Ins. Co. v. Curry, 13 Bush, 318; Jewell
v. Clark's Ex'rs, 78 Ky., 399; Dwelly v. Galbraith, 5 Ky. Law Rep.,
210; Story's Eq. Jur., sec. 1217.)

GEORGE W. SWOPE FOR APPELLEE.

No brief in record.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The question in this case is whether land occupied
and claimed as a homestead, but bought on credit,
can be made subject to payment of a debt not exist-
ing at the time to the extent of purchase money paid
after it was created.

Section 16, article 13, chapter 38, General Statutes,
provides that the homestead exemption shall not apply
to sales under execution, attachment or judgment, at
the suit of creditors, if the debt or liability existed
prior to the purchase of the land, or erection of im-
provements thereon.

It is manifest that determination of the question de-
pends upon the meaning given to the word *purchase*
as used in that section.

It seems to us, considering the rights of creditors,
the moral obligation of debtors, and the reason for
adoption of the section, the word was intended to
be understood and applied in the sense of acquisition
of a homestead by fully paying for it. For owner-
ship of land can not be absolute, but, as said in
Farmers and Drovers' Insurance Company v. Curry,
13 Bush, 312, is conditional, and held in trust for
the vendor until the purchase price is paid. Hence,

the original homestead act of 1866 provided in the
language of section 9, as it now stands in the General
Statutes, that a homestead should not be exempt
from enforced sale for payment of purchase money
due thereon.  But it was thereby, in express terms,
made exempt from sale under execution, attachment
or judgment, to pay any debt created subsequent to
June 1, 1866.  So that a homestead, whether paid for
in full or bought on credit, would, in course of time,
under operation of the statute of 1866, have come to
be exempt from all debts and liabilities whatever,
without regard to date of their creation, except those
for purchase money, and such as were secured by
mortgage; and to remedy that defect an amendment
was adopted March 1, 1876, which is embodied in
section 16, mentioned.  The underlying principle of
that amendment is, that the homestead of a debtor
shall not be exempt from payment of any just debt
or liability, except when he has paid, or to the ex-
tent he has paid therefor, prior to creation of such
debt or liability.  For there is no difference in prin-
ciple or effect between purchasing and paying for a
homestead with means that ought to have been ap-
plied to payment of a pre-existing debt, and paying
wholly or partially after creation of a debt the pur
chase price of a homestead, even if it was bargained
for prior to existence of the debt.  In one case, as
well as in the other, the means used by the debtor
to pay for the homestead may have either been ob-
tained directly from, or else looked to and relied on
by, the creditor when the debt was created; and in
both alike it would be unjust to the creditor to give

legal immunity for such unfair or treacherous conduct of the debtor; nor is there any reason for subjecting a homestead to the extent of improvements erected thereon after creation of a debt to its payment, as is expressly provided by section 16, that does not equally apply for making it liable to extent of purchase money paid after a debt is created; for, if in the latter case the debtor might be hindered or delayed in acquiring absolute ownership, he would, in the other, be prevented having full enjoyment of the land as a homestead. In our opinion, according to proper construction of the statute as amended, he is entitled to neither, unless procured honestly and without prejudice to the rights of existing creditors.

The conclusion reached in Griffin v. Procter, 14 Bush, 571, seems to be adverse to the view now taken. There the debtor, being in possession, though having only a title bond for the land claimed as a homestead, borrowed money, part of which was used in payment of the purchase money; and it was held that occupation of the improved premises under the contract of purchase was the acquisition of a homestead right as against subsequent creditors, and the fact a portion of the money borrowed was applied in payment for the land did not make any difference. The error of that position, as it now seems to us, is in assuming that, under the statute, possession and claim of land as a homestead by a debtor, without having paid all, or it may be any part of the purchase price, exempts it from sale to pay subsequent debts, though they may be for money or property borrowed or purchased and then used to pay for the identical land. We think the

statute ought not to be so used or construed, and consequently the doctrine of the case referred to is overruled.

Though the judgment appealed from was on demurrer to the petition, appellee filed an answer alleging the payments made of the purchase money were proceeds of exempted personal property. But though, if true, that allegation would be a defense, no issue was made in regard thereto ; and consequently, for the error of the lower court in sustaining the demurrer, the judgment must be reversed, and cause remanded for proceedings consistent with this opinion.