PENDLETON *v.* HOOPER.

The head of a family who, after judgment for a debt has been rendered against him, has parted with the title to his land by deed of gift, but has never parted with possession, may still assert the exemption allowed by section 2040 of the code to arrest a sale of the land by virtue of the judgment. No present interest or estate in land beyond that implied in the fact of possession is requisite to sustain the claim of exemption as against a debt or lien inferior to the exemption right.

April 20, 1891.

Exemptions. Judgments. Title. Before Judge RICHARD H. CLARK. DeKalb superior court. August term, 1890.

Reported in the decision.

ROSSER & CARTER, for plaintiff.

H. C. JONES and J. N. GLENN, for defendant.

BLECKLEY, Chief Justice.

The premises in controversy consist of six acres and are of the estimated value of $400. Hooper was in possession when the judgment against him was rendered, and has remained in possession ever since. He parted with the paper title by a voluntary conveyance made to several persons, some of them minors, on the day the judgment was rendered and at an hour subsequent to its rendition. The lien of the judgment was made neither better nor worse by this conveyance. Had he parted also with possession and never resumed the same, his ownership of the property would have been at an end, but as he retained possession he is still the owner against all the world except his donees. They may choose never to disturb him or assert any title against him. That possession of land imports ownership is familiar law. 2 Blackst. Com. 196; *English* v. *Register*, 7 *Ga.* 391. Naked possession is the lowest and most imperfect degree of title, but it is neverthe-

less enough to hold off creditors where exemption is claimed under §2040 of the code, and where the terms prescribed in section 2041 are complied with. Here there was a compliance with these terms pending the levy, and whilst Hooper was in possession. It is not disputed that he was the head of a family, or that he would be entitled to the exemption if he had not divested himself of all title except possession. But he retained the very thing which the law of exemption is solicitous to protect. It cares not how little interest the debtor may have so long as he remains in its actual enjoyment. The exempt land is " for the use and benefit of the family of the debtor "—so says the code. The exemption does not depend on the quality or duration of the estate which the debtor has in the land. A tenancy at will or at sufferance will protect it from levy and sale as his property equally with an estate in fee simple. The exemption attaches to the land, not merely to his estate in it. Our exemption laws do not cut up exempt property into divers estates, but protect the physical thing as a whole from levy and sale so long as the exemption continues. *Van Horn* v. *McNeill*, 79 *Ga.* 122, 123. Of course, it is not meant to say that if others had an interest in the property as well as the debtor who has claimed the exemption, the property would not be subject to sale so far as their interest is concerned. But a forced sale of an exempt thing, whether it be land or personalty, cannot be made as the property of the debtor against his claim of exemption whilst he is the head of a family and holds possession, unless the debt be one which for some reason overrides the exemption. The law devotes the thing to the use and benefit of the family as against the ordinary rights of his creditors. Some debts are superior to the exemption right, but the one involved in this case is not of that class. How, then, can the land be consistently treated as the

property of the debtor for the purpose of subjecting it to sale, and not so treated for the purpose of exempting it? The creditor's lien being inferior to the debtor's right to have the enforcement of the lien suspended, of what concern to the creditor is it that the debtor has no title to the land as against third persons to whom he has conveyed it by a deed of gift? Even were he a trespasser relatively to his donees, he would, whilst in possession, be owner relatively to his creditors.

The court below decided the case correctly.

*Judgment affirmed.*