Case 45—PETITION EQUITY—January 30.

# Asher v. Brock, &c.

APPEAL FROM HARLAN COURT OF COMMON PLEAS.

1. A VERBAL SALE OF LAND IS VOID and confers upon neither party any equitable interest whatever, but only such collateral equities as may arise out of the transaction, such as giving the purchaser a lien on the land for the purchase money paid, if the possession has been transferred pursuant to the verbal purchase.

2. IN AN ACTION TO ENFORCE A PAROL CONTRACT FOR THE SALE OF LAND, although the admission of the contract by the vendor in his answer be treated as a written confirmation of the sale, it can not relate back to the date of the parol contract so as to overreach an intervening sale and conveyance of the land to another, even though the person to whom the land has been thus sold and conveyed purchased with notice of the prior parol contract. But the parol purchaser may assert a lien on the land for the purchase money he has paid, provided he obtained possession of the land by reason of his purchase, and the subsequent purchaser had notice of his equity at the time he purchased.

WM. LINDSAY AND EDWARD W. HINES FOR APPELLANT.

The legal title not being in the vendor, his answer waiving his right to rely upon the statute, and asking in effect that a deed be made to plaintiff, should be given the same effect that would be given to a deed executed by him to plaintiff if the legal title had been in him. He was under a moral obligation to see that a conveyance was executed by his vendor to his vendee, or those claiming under his vendee, and James Gross, having purchased with notice of that obligation, took subject to the right of the vendor to repent and convey, or have a conveyance executed, pursuant to the parol contract. (Clay v. Marshall, 5 B. M., 269; Lucas v. Mitchell, 3 Mar., 245.)

THOMAS H. HINES AND J. G. FORRESTER FOR APPELLEES.

Brief not in record.

CHIEF JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The land in controversy was granted by the Commonwealth to Hiram Brock and sold by him to Silas Saylor, and by him to John G. Saylor, and by him to Samuel

Caldwell, and by him to George Gross.   All of these sales were by parol, except the one by Hiram Brock to Silas Saylor, which was by title bond; but no deed was ever thereafter made by Hiram Brock to Silas Saylor.   After the death of George Gross, Rachel Gross, his only heir, sold the land to the appellant by title bond.   Thereafter, James Gross, who had been sued by Rachel Gross for cutting timber from the land, discovering that Silas Saylor had never conveyed the land by writing, procured from him a general warranty deed for the same.   The legal title being still in the heirs of Hiram Brock, and the equitable title being in Silas Saylor, James Gross also purchased their supposed interests, taking from some of them deeds, from others bonds for a title.

At the time James Gross made the purchases from Silas Saylor and the Brock heirs he knew of the said verbal purchases, and that each of them was for a valuable consideration, which had been paid.   The title being in this condition, the appellant, being a verbal purchaser, sued Silas Saylor and the Brock heirs for a conveyance; James Gross was made defendant, and the prayer against him was that he be compelled to surrender his title.   To this petition Silas Saylor filed an answer admitting that he made the verbal sale to John G. Saylor, and admitting that he asserted no claim to the land after making that sale, but also admitting that he had thereafter sold the land by deed to James Gross.   It is now contended that Silas Saylor's admission that he had verbally sold the land to John G. Saylor was equivalent to a written confirmation of that sale, and related back to its date, which overreached the intermediate written conveyance that was obtained by James Gross with notice of the verbal sale.

This contention is sought to be maintained upon the old theory of this court that a verbal sale of land was not void, and that while no action could be maintained thereon to compel a conveyance, it passed an equity for many purposes, etc.   But this court, in later years, has reviewed that doctrine, taken it back, and announced in its stead that a verbal sale or division of land, even though held in partnership, is void, and confers upon neither party any equitable interest whatever, but only such collateral equities as may arise out of the transaction, such as giving the purchaser a lien on the land for the purchase money paid, if the possession has been transferred pursuant to the verbal purchase.   (See Usher, &c., v. Flood,. 83 Ky., 552; Newburger v. Adams, 92 Ky., 27; White v. O'Bannon, 86 Ky., 93; Duncan v. Duncan, 93 Ky., 37.)

If Silas Saylor had made a deed to John G. Saylor after he had conveyed the land by deed to James Gross, it would not have overreached James Gross' deed, even though James Gross, at the time he received his deed, had notice of John G. Saylor's verbal purchase, because, as the verbal purchase was void and could not be enforced by either party at law or in equity, James Gross had the right to make his purchase valid by obtaining the legal title to the land from Silas Saylor, who held it, and from whom the verbal purchaser could not force the legal title. This view of the case does not interfere with John Saylor's right to assert a lien on the land for the purchase money that he has paid, provided he obtained possession of the land by reason of the purchase, and that James Gross had notice of the same at the time he verbally purchased it.

The judgment is affirmed.