CASE 8.—ACTION BY J. M. BROWNING AGAINST SIMEON TURNER FOR POSSESSION OF LAND. PLAINTIFF DIED PENDING THE ACTION, AND HIS ADMINISTRATOR WAS SUBSTITUTED.—February 5

## Turner v. Brownings v. Admr.

Appeal from Bracken Circuit Court.

JAS. P. HARBESON, Circuit Judge.

Judgment for plaintiff, defendant appeals — Reversed.

1. Frauds, Statute of—Operation—Oral Contract for Sale of Land —Rights of Purchasers—Contract as Ground of Defense.— While a verbal sale of land is void, and confers no interest whatever, except such collateral equities as may arise out of the transaction, a son who verbally buys land of his father, pays for it, and settles upon it, has a resisting equity, which

he might assert against his fathere, and which might be adjudged a lien on the land for the consideration paid; and while the·verbal contract is void as between the father and son, in the sense that it could give no right to either to enforce it, the son holds under it as purchaser·from his father.

2. Homestead — Acquisition — Change of Homestead—Liabilities Enforceable.—Where a person buys a tract of land for a homestead and pays for it before the creation of a debt, he is entitled to a homestead in a tract which he takes in exchange for it, though the deed of exchange was not made until after the debt was created.

3. Same—Homestead Purchased When Paid for—Debt Created After Purchase but Before Conveyance—Statutory Provisions. —A homestead is purchased when it is paid for, within Ky. St. 1903, section 1702, providing that a homestead exemption shall not apply to sales under executions if the debt or liabilities existed prior to the purchase of the land, the purpose of the statute being that the debtor shall not, after creating a debt, put his money into a homestead and thus defeat his creditor; and where the land is bought and paid for and is the homestead of the family before a debt is created, it is not subject to execution on such debt, although no deed for the land is made until after the creation of the debt.

4. Same—Nature of Right.—A homestead right is not an estate in land, but a privilege of exemption from execution of such estate as the holder has; and hence the nature or quantum of a debtor's estate in his homestead is immaterial in determining whether it shall be exempt.

5. Same—Change of Homestead—Separate Tracts.—The fact that a person moves from a tract which he has used as a homestead to another tract half a mile away where there is a better dwelling house, and uses both tracts as a home, they both being of less value than $1,000, does not affect his right of homestead.

LESLIE T. APPELGATE for appellant.

PROPOSITIONS.

First. This case was never revived, and therefore the judgment is a nullity.

Second. If the case is held to be revived it does not invest the administrator with the right to recover the land in dispute.

Turner v. Brownings v. Admr.

Third.    The judgment is void because it does not describe the land.

Fourth.    Appellant should have been awarded a homestead in said land.    (Nichols v. Sennitt, 78 Ky., 630; Morehead v. Morehead, 16 Ky. aw Rep., 34; Cooper v. Arnett, 16 Ky. Law Rep., 145.)

GREENE & VANWINKLE for appellee.

### AUTHORITIES CITED.

1.    Objection on account of want of revivor cannot be made for first time in this court.    (Spalding's Admr. v. Wathen, 7 Bush, 659; Smith v. Hall, 19 Ky. Law Rep., 1622, 44 S. W., 121; Hall v. Snipes 10 Ky. Law Rep., 435; Davis v. Wiley, 3 Ky. Law Rep., 755.)

2.    Levy and sale subsequent to levy of attachment gives only a secondary lien for payment of execution debt.    (Section 1709, Kentucky Statutes; Kennedy v. Weber, 23 Ky. Law Rep., 879.)

3.    Judgment is to be interpreted in the light of the pleadings and entire record.    (Four Mile Land Co. v. Slusher, 55 S. W., 555 and cases cited therein.)

OPINION OF THE COURT BY JUDGE HOBSON—Reversing.

In the year 1872 Simeon Turner bought of his father, John A. Turner, a tract of land, and moved upon it with his wife and two children, using it as a homestead.    He paid his father in October, 1872, $400, in March, 1873, $600, and on August 2, 1873, $480.    He got $1,900 from his wife, and the money paid his father came from this fund.    On February 4, 1875, he gave a note to James Browning for $159.37. In March, 1875, he traded with his father the piece of land he had bought for another piece of land; his father paying him $30 in the trade.    He moved to the second piece with his wife and children, and has since used it as a home.    His father having died, his brothers and sisters on March 31, 1891, executed a

deed to him for the second tract, which contains 42 acres. Browning having recovered a judgment on his note, had an execution issued on the judgment and levied upon this land after the deed was made to Simeon Turner. The land was sold under the execution, and Browning bought it for the debt. Simeon Turner failing to redeem, the sheriff made Browning a deed, and on the 10th day of October, 1894, he began this proceeding under section 1689, Ky. St. 1903, for possession of the land. Turner filed an answer, claiming that the land was exempt as a homestead. The suit appears to have been held up to await the result of some other litigation, and was not tried in the circuit court until February 14, 1907, when the court determined that Simeon Turner was not entitled to a homestead in the land and awarded Browning a writ of possession. From this judgment, Turner appeals.

It is insisted for Browning that the proof showed only a parol sale from John A. Turner to Simeon Turner, and the latter took no estate or interest in the land by reason of it. Usher's Ex'r v. Flood, 83 Ky. 522, 12 Ky. Law Rep. 721; White v. O'Bannon, 86 Ky. 100, 9 Ky. Law Rep. 334, 5 S. W. 346; Newburger v. Adams, 92 Ky. 26, 13 Ky. Law Rep. 339, 17 S. W. 162; Asher v. Brock, 95 Ky. 270, 15 Ky. Law Rep. 631, 24 S. W. 1070. It was held in these cases that a verbal sale of land is void, and confers no interest whatever, except such collateral equities as may arise out of the transaction. And while this is true, Simeon Turner, having settled upon the land and having paid his father for it, had a resisting equity which he might assert against his father, and he would have been adjudged a lien on the land for the consideration paid; for his father would not have been allowed to

keep the money and take back the land. Brown v. East, 5 T. B. Mon. 408; Dillion v. Crook, 11 Bush. 326. While the verbal contract was void as between the vendor and the vendee, in the sense that it could give no right to either of them to enforce it, Simeon Turner, holding under it, held the land as purchaser from his father. Section 1702 provides that a homestead exemption shall not apply to sales under executions "if the debt or liabilities existed prior to the purchase of the land." If Simeon Turner bought the first tract and paid for it before the debt to Browning was created, and was entitled to a homestead in that tract, he is equally entitled to a homestead in the tract which he got in exchange for it from his father. Thompson v. Heffner's Ex'rs, 11 Bush, 353. As the first tract was bought and paid for and was the homestead of the family before the debt was created, we do not see how Browning is in any better position by reason of the fact that the deed was not made until after the debt was created. The rule is, if the purchase money is paid after the creation of the debt, the land to this extent will be subject. Bradley v. Curtis, 79 Ky. 327, 2 Ky. Law Rep. 329; Moseley v. Bevins, 91 Ky. 260, 12 Ky. Law Rep. 825, 15 S. W. 527. A homestead is purchased, within the meaning of the statute, when it is paid for; the purpose of the statute being that the debtor shall not, after creating a debt, put his money into a homestead and thus defeat the creditor from looking to these means for the payment of his debt. Morehead v. Morehead, 25 S. W. 750, 16 Ky. Law Rep. 34. Here the defendant bought and paid for the first tract before the debt was created. After he created the debt, he traded this tract for the land that was levied on. Whether that tract was exempt as a home-

stead depends on whether the tract which he exchanged for it was exempt; for, if the first tract was not exempt, the land obtained in exchange for it, after the creation of the debt, may be subjected to it.

The case, therefore, turns on the question whether the defendant, after he had settled upon the first tract as his home with his family and had paid for it, was entitled to a homestead in it as against a debt afterwards created. As he was in possession of the land and had paid for it, although he could not enforce against his father the parol contract to convey it to him, the court would not have disturbed him in possession without a return of the purchase money. Speers v. Sewell, 4 Bush, 239; Wade v. Norman, 5 Ky. Law Rep. 689; Usher's Ex'r v. Flood, 83 Ky. 566, 12 Ky. Law Rep. 721; Asher v. Brock, 95 Ky. 270, 15 Ky. Law Rep. 631, 24 S. W. 1070. In a note to Pryor v. Stone, 70 Am. Dec. 344, it is said: "A homestead right is not an estate in the land, but a mere privilege of exemption from execution of such estate as the holder has. Note to Poole v. Gerrard, 65 Am. Dec. 483. Upon principle, therefore, there is no reason why the law should concern itself at all with the nature, extent, or value of the homesteader's estate or interest in the premises. If he has no title, or a defective or limited title, that is his misfortune; but why should that misfortune be increased by depriving him of the privilege of holding such interest as he has free from the claims of creditors? Is there any imaginable reason why a bad title should be liable for the owner's debts, where a good title would not be? That the nature or quantum of a debtor's estate in his homestead is immaterial in determining whether it shall be exempt is in accord with what is laid down in the better considered cases." This rule

was followed in McKee v. Wilcox, 11 Mich. 353, 83 Am. Dec. 743; Tomlin v. Hilyard, 43 Ill. 300, 92 Am. Dec. 118; Spencer v. Geissman, 37 Cal. 96, 99 Am. Dec. 248; Weber v. Short, 55 Ala. 311; Pendleton v. Hooper, 87 Ga. 108, 13 S. E. 313, 27 Am. St. Rep. 227; Watterson v. Bonner, 19 Mont. 554, 48 Pac. 1108, 61 Am. St. Rep. 527; Watts v. Gordon, 65 Ala. 546; McGrath v. Sinclair, 55 Miss. 89; Watson v. Saxer, 102 Ill. 585.

While there is some conflict of authority on the subject (see 21 Cyc. 502), we think the rule we have stated is in accord with the spirit of our statute and the construction which it has heretofore received. The conflict in the authorities on the question is more apparent than real. In Ketchin v. McCarley, 26 S. C. 1, 11 S. E. 1099, 4 Am. St. Rep. 674, the defendant had conveyed the land to another and had no interest in it. In Webb v. Garrett, 30 Tex. Civ. App. 240, 70 S. W. 992, the defendant was a cropper, and had no interest in the land, but only in the crop. In Stamm v. Stamm, 11 Mo. App. 598, the homestead was claimed by a divorced wife against her husband in his real estate. In Johnson v. McPherran, 81 Iowa, 230, 47 N. W. 60, the defendant had made a convey- ance of the land to defraud creditors, and the rule was applied that the law in such cases will leave the grantor where it finds him. In Bunting v. Jones, 78 N. C. 242, the defendant had obtained the deed by fraud on a promise to execute a mortgage back for the price which he then failed to execute. In Kitchell v. Burgwin, 21 Ill. 40, the right to the homestead was not finally denied. In Denis v. Gayle, 40 La. Ann. 286, 4 South. 3, the judgment turned on the con- struction of the statute and rests on principles not recognized by this court. In Wisner v. Farnham, 2

Mich. 472, the defendant had moved away from the land. The above are the cases usually cited for the contrary rule to that indicated. As the right to a homestead is the creature of the statute, there must of necessity be a difference in the decisions where the provisions of the statute are different; but it seems to us the clear weight of authority is with the rule above laid down on the facts here shown.

Here the defendant has a deed to the property, and the only question is whether he purchased it before the creation of the debt within the meaning of the statute. As the exchange of one tract for the other had no effect on the right to a homestead, the case would be essentially the same if Simeon Turner had made no exchange, but had continued to reside on the first tract and had received a deed for it after the debt to Browning was created. The fact that Turner moved from the tract in controversy to another one half a mile off, where there was a better dwelling house, using both tracts as a home and both being of less value than $1,000, had no effect upon his right of homestead.

The conclusion we have reached makes it unnecessary for us to consider the questions raised by counsel as to whether the action was properly revived.

Judgment reversed, and cause remanded for a judgment as above indicated.