## Norvell v. Faulk et al.

April 19, 1940.

Charles H. Wilson, Judge.

592

T. D. Hewlett for appellant.

C. A. Denny for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF—
Reversing.

On June 6, 1923, the appellee, Arthur Faulk, executed and delivered to the appellant, Frank Norvell, his promissory note of $382.20 due one year thereafter, and to secure the payment thereof he executed and delivered to appellant a mortgage on a house and lot in Mortons Gap, Hopkins County, Kentucky. At the time of the execution of the mortgage Arthur Faulk and his co-appellee, Mrs. Faulk, were and now are husband and wife, but Mrs. Faulk did not join in the execution of the mortgage.

On the 14th day of September 1937, the appellant instituted his action in equity in the Hopkins Circuit Court against appellee, Arthur Faulk, seeking judgment for the amount of the note, subject to certain credits, and to foreclose the mortgage executed on the real estate to secure same. Mrs. Faulk was not made a party to that action. Arthur Faulk made no defense to the action and judgment by default was rendered thereon for the unpaid balance of the note and adjudging a lien on the mortgaged property and ordered same sold in satisfaction of the judgment. By the usual orders and steps taken in such actions, the master commissioner of the court sold the property in satisfaction of the judgment and appellant became the purchaser thereof and the court's master commissioner executed a deed conveying the property to the appellant. A writ of possession issued ordering the sheriff of the county to dispossess appellees and place appellant in possession of the property, whereupon appellee Mrs. Faulk filed her pleading styled, "Petition to be made a party defendant and answer of Mrs. Arthur Faulk," in which she alleged that she and Arthur Faulk were married in March 1921, and have been living together as husband and wife since that time; that the note and mortgage sued on in this action was executed in the year 1923 long after they were married and while they were living together as husband and wife and that she did not sign or ac-

knowledge said mortgage nor was she made a party to the action. She further stated that her husband, Arthur Faulk, bought the lot of land involved in the action in June 1921, and in the same year built the house thereon and that he and she have at all times since occupied said place as a homestead and are still doing so. She further alleged that the plaintiff well knowing the above facts instituted this action in September 1937 seeking judgment against her husband on the note and said alleged mortgage without making her a party defendant or disclosing in said action that she was the defendant Arthur Faulk's wife at the time the mortgage was attempted to be given by Arthur Faulk. She further set out the judgment in that action, the order of sale, and writ of possession issued pursuant thereto and prayed that a restraining order and injunction issue and that she be made a party defendant to the action and that the original judgment enforcing said mortgage lien and all orders thereunder be held void and that the plaintiff be restrained from any way interfering with her and her husband's title or possession to the property.

The plaintiff filed a demurrer to Mrs. Faulk's answer and petition to be made a party which demurrer the court overruled, whereupon plaintiff filed his reply to the answer of Mrs. Faulk in which he traversed the material allegations of same, and pleaded affirmatively that on the 6th day of June, 1923, Arthur Faulk was the owner of the property described in the petition and has continuously since been the owner thereof and just prior to the date of said note and mortgage defendant built and erected the dwelling house on said lot but same had not been paid for and for the purpose of paying for it and erecting said house he borrowed from the plaintiff the said sum of $382.20 represented and secured by the note and mortgage sued on and that the money so borrowed was used by Arthur Faulk in paying for the building and erection of said house and that plaintiff has not been paid any amount of said money except the credit set out in his petition and that said mortgage was given to secure the payment of the purchase price of the property mentioned particularly the house and in which Mrs. Faulk now claims a homestead and by the reason of these facts she is not entitled to a homestead therein.

Mrs. Faulk filed a demurrer to the plaintiff's answer and reply to her pleading which demurrer the

court sustained with leave to amend, and plaintiff refusing to plead further judgment was entered dismissing the petition. The court further held and adjudged that the order of sale adjudged in the action and the report of sale and order of confirmation thereof and the deed together with the writ of possessions, be cancelled and set aside and that the defendants were entitled to a homestead as against plaintiff's debt sued on. The appellant filed the record in this court and prayed an appeal.

Since it is admitted by Mrs. Faulk's demurrer to appellant's answer to her pleading that the money borrowed of appellant by Arthur Faulk was for the purpose of paying for the erection of the house or home which she seeks to have exempted, the questions to be decided are (a) whether or not the debt in question comes within the same category as purchase money or money used to purchase a home, and (b) whether or not it was necessary for Mrs. Faulk to join with her husband in the mortgage in question in order to divest her of the right to homestead exemption.

(a) This seems to be no new question for this court. In Moseley v. Bevins, 91 Ky. 260, 15 S. W. 527, 528, 12 Ky. Law Rep. 825, it is held that the homestead of a debtor shall not be exempt from payment of any just debt or liability, except when he has paid, or to the extent he has paid therefor, prior to the creation of such debt or liability. After stating the above principle the court said:

> "For there is no difference in principle or effect between purchasing and paying for a homestead with means that ought to have been applied to payment of a pre-existing debt, and paying wholly or partially, after creation of a debt, the purchase price of a homestead, even if it was bargained for prior to existence of the debt."

Also, in Cowan McClung & Co. v. Evans, 101 S. W. 964, 31 Ky. Law Rep. 226, the court followed the principle enunciated in the Moseley case supra, saying:

> "Under this provision it has been held that the homestead is purchased when it is paid for, and that the debtor is not entitled to the exemption as against a debt created prior to the payment of the purchase money."

In Ratliff v. Anderson, Etc., 195 Ky. 320, 242 S. W. 35, 36, there was involved, among other things, money borrowed for the purpose of paying for or erecting a house secured by mortgage not signed by the wife, and in commenting on the situation the court said:

"Under such circumstances the mortgage was to all intents and purposes a mortgage for the purchase money [of the home], and the $200 then advanced was equivalent to, under the conditions, an additional purchase price then agreed upon by the parties, and the whole sum must be treated as the purchase price of the property."

See, also, to the same effect, Hazard Lumber & Supply Co. v. Horn, 228 Ky. 554, 15 S. W. (2d) 492, 495, wherein the wife attempted to assert homestead exemptions as against money furnished for the purpose of building a house. The court said: "She could not live on the vacant lot before the house was built, and she cannot hold a homestead therein against its debt."

It seems to be the settled rule by the trend of authorities that no homestead is acquired in property until the same is paid for. Moseley v. Bevins, supra.

In the case at bar, according to the allegations of appellant's answer, Arthur Faulk owned only a vacant lot, which, as pointed out above, could not be utilized as a home without a house or dwelling thereon in which to live. The debt here involved was created for the purpose of paying for or erecting a house and consequently it is in principle a debt created for the purchase of the home, as stated in Moseley v. Bevins, supra.

(b) This brings us to the question of whether or not Mrs. Faulk's failure to join in the mortgage in question afforded her the right to claim homestead exemptions in the property. This question was decided adversely to her contentions in the cases of Ratliff v. Anderson, supra, and Thacker v. Booth, 6 S. W. 460, 9 Ky. Law Rep. 745. In both of these cases it was expressly held that under facts and circumstances like and similar to the one here in question it was not necessary that the wife join with her husband in the mortgage given by him to secure money with which to pay off the purchase price of a homestead.

It follows, therefore, that the court erred in sustain-

596

ing the demurrer to appellant's reply and answer to Mrs. Faulk's answer and petition to be made a party.

Wherefore, the motion for an appeal is sustained, appeal granted and the judgment reversed, with directions to set it aside and to overrule the demurrer, and for proceedings consistent with this opinion.

Whole Court sitting except Judge Tilford.