MEMORANDUM *
Todd Glassey appeals pro se from the district court’s judgment in favor of defendants in his action alleging bankruptcy fraud and various state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion a dismissal under Federal Rule of Civil Procedure 41(b), Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992), and review de novo a grant of summary judgment, Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1142 (9th Cir.2002). We affirm.
The district court did not abuse its discretion by dismissing Glassey’s claim against the National Institute of Standards and Technologies for return of property because Glassey failed to amend the operative complaint or indicate that he would not do so after the district court provided him with two opportunities to amend and advised him that judgment would be entered if he failed to amend by the deadline. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065 (9th Cir.2004); see also Ferdik, 963 F.2d at 1260-63 (addressing factors to consider in determining whether a district court abuses its discretion by dismissing an action under Rule 41(b)).
The district court properly granted summary judgment to Amano Corporation under the doctrine of res judicata because the undisputed evidence establishes that Glassey’s claims against Amano involve the same cause of action that was arbitrated between these parties, and the arbitration was confirmed in a final judgment on the merits. See Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir 2007) (applying state law to determine the preclusive effect of a state court judgment); Thibodeau v. Crum, 4 Cal.App.4th 749, 6 Cal.Rptr.2d 27, 29-30 (1992) (explaining that res judicata prohibits litigation between parties of “all matters within the scope of [a previous] arbitration, related to the subject matter, and relevant to the issues”).
The district court properly granted summary judgment to Jay Goldberg, Hudson Venture Partners, LP, and Mark Williams because the undisputed evidence establishes that Glassey’s claims are barred by the release in the parties’ settlement agreement. See Marder v. Lopez, 450 F.3d 445, 449-50 (9th Cir.2006) (analyzing release governed by California law).
We do not consider Glassey’s arguments raised for the first time on appeal. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir.1998).
Glassey’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.