SUMMARY ORDER
Mae Truong and Maryse Mac-Truong appeal from the district court’s dismissal of their claims for lack of subject matter jurisdiction, pursuant to FRCP 12(b)(1), *378 see Truong v. Litman, No. 06 Civ 1431(SHS), 2006 WL 3408573 (S.D.N.Y. Nov. 22, 2006), as well as from the district court’s unreported denial of what it construed as the Truong’s motion for relief from judgment pursuant to FRCP 60(b), or as a motion for reconsideration pursuant to local rules. Upon our review of those decisions, as well as the briefs and record submitted on this appeal, we affirm.
The district court correctly found that the Truongs’ claim that the defendants violated the automatic stay provision set forth in 11 U.S.C. Section 362 is properly filed in the U.S. Bankruptcy Court with jurisdiction over the Truongs’ bankruptcy action. See E. Equip. And Servs. Corp. v. Factory Point Nat’l Bank, 236 F.3d 117, 121 (2d Cir.2001). Further, we find no ground for disturbing the district court’s holding that the Truongs have not made the difficult case for implying a private right of action under 18 U.S.C. Section 152, a criminal statute, nor for disturbing its finding that the Truong’s action for breach of contact fails to meet the jurisdiction amount required for a federal diversity action, as set forth in 28 U.S.C. Section 1332(a).
Finally, we affirm the district court’s determination denying the Truongs’ motion for leave to amend their complaint to add claims under federal civil rights statutes on the ground of futility.
For the reasons stated above, the judgment the district court is hereby AFFIRMED.