**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: ) | BAP No. NC-16-1237-JuFB |
| ) | |
| DOLORES YEE, ) | Bk. No.  15-51339 |
| ) | |
| Debtor. ) | Adv. No. 16-05029 |
| _____ ) | |
| ) | |
| DOLORES YEE, ) | |
| ) | |
| Appellant, ) | |
| v. ) | **M E M O R A N D U M**[*] |
| ) | |
| DITECH FINANCIAL LLC, f/k/a ) | |
| GREEN TREE SERVICING LLC, ) | |
| ) | |
| Appellee. ) | |
| _____ ) | |

Submitted Without Argument on July 27, 2017[**]

Filed - August 3, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding
_____

Appearances:     Dolores Yee on brief pro se; Christopher O.
Rivas of Reed Smith LLP, on brief for Ditech
Financial LLC f/k/a Green Tree Servicing LLC.
_____

Before:  JURY, FARIS, and BRAND, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] By order entered on January 12, 2017, a motions panel determined that this appeal is suitable for submission on the briefs and record without oral argument.  The United States Trustee was also removed as a party to this appeal.

-1-

Chapter 13[1] debtor, Dolores Yee (Debtor), appeals from the bankruptcy court's order dismissing her adversary complaint against Ditech Financial LLC f/k/a Green Tree Servicing LLC (Ditech). We AFFIRM.

## I. FACTS[2]

**A.    Prepetition Events**

Debtor and her husband purchased real property located on Kuykendall Place, San Jose, California (Property) in 1986. In 2007, Debtor refinanced the loan on the Property with Countrywide Home Loans, Inc. (Countrywide). The loan was evidenced by a note and secured by a deed of trust on the Property.

Due to family medical expenses, Debtor became delinquent in the payment of her loan. She requested mortgage assistance from Bank of America, N.A. (BANA).[3] Over the course of two years, Debtor submitted multiple applications to BANA. BANA passed off the servicing of Debtor's loan to Specialized Loan Servicing LLC (SLS). SLS informed Debtor that it had no record or knowledge of a pending loan modification. In late 2013, SLS transferred

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, "Rule" references are to the Federal Rules of Bankruptcy Procedure, and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] Debtor's excerpts of record are woefully inadequate. Therefore, to the extent necessary we take judicial notice of the pleadings filed in the underlying bankruptcy case and adversary proceeding. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[3] BANA became the successor, by merger, to Countrywide's interests under the note and deed of trust.

-2-

Debtor's loan to a new servicer, Green Tree Servicing LLC (Green Tree). Green Tree did not acknowledge any modification approved by SLS or BANA.

On October 23, 2014, Debtor filed a lawsuit in the Superior Court of Santa Clara County against BANA, SLS, Green Tree,[4] and The Mortgage Law Firm, PLC. In her third amended complaint, Debtor alleged claims of fraud and deceit, promissory estoppel, aiding and abetting, negligent misrepresentation, and violation of California Business and Professions Code § 17200, et seq. Debtor alleged that Green Tree or its employees falsely promised there would be no foreclosure on her home and mortgage relief would be offered to her. On November 17, 2014, BANA, SLS, and Green Tree filed a demurrer to Debtor's third amended complaint. On January 23, 2015, the superior court sustained the demurrer and dismissed Debtor's third amended complaint without leave to amend. On March 30, 2015, Debtor filed an appeal of that decision, which is still pending.

**B.    Bankruptcy Events**

On April 22, 2015, Debtor filed a chapter 13 bankruptcy petition to stay the foreclosure on the Property.

**1.    Green Tree's Proof of Claim**

On July 10, 2015, Green Tree, as the servicer of the loan originated by Countrywide, filed a proof of claim (POC) with respect to Debtor's refinanced loan secured by a deed of trust in the aggregate amount of $827,097.98, including prepetition

---

[4] Following a merger with Ditech, Green Tree changed its name to Ditech Financial LLC effective August 31, 2015.

arrearages of $273,078.36. Debtor filed an objection to the POC on September 28, 2015, and filed an amended objection on October 6, 2015. Green Tree did not respond. On February 8, 2016, Debtor filed a request for entry of default and uploaded an order disallowing the claim in its entirety.

On March 7, 2016, the bankruptcy court entered an order for further briefing to address the impact of litigation between Debtor and Green Tree then pending in the state court. According to Debtor's declaration in support of the claim objection, Green Tree's standing to foreclose was litigated and decided in state court, and the judgment was appealed. Therefore, the bankruptcy court ordered Debtor to submit evidence of the state court judgment and to discuss the preclusive effect of any state court decision. The court also requested a brief addressing whether it should abstain on the standing issue.

On March 25, 2016, Debtor's counsel filed a declaration stating that Debtor instructed her not to brief the issues raised by the court and instead to file "Debtor's self-prepared declaration." In this document, Debtor stated that she no longer wanted the bankruptcy court to adjudicate the standing issue. Debtor's declaration also raised arguments about the preclusive effect of a state court judgment and raised new allegations such as invalid assignments of the loan. She further contended that the POC should be disallowed based on

-4-

Green Tree's lack of standing[5] and miscalculation of the arrears due.

On April 27, 2016, the bankruptcy court entered an order overruling Debtor's amended objection to Ditech's POC. The court decided that it would not address Green Tree's standing because (1) Debtor's declaration made clear that she preferred the state court to decide the issue and (2) the court had no factual record before it to address Green Tree's standing. Regarding the arrears, the bankruptcy court found that the POC was prima facie evidence of the validity and amount of the claim and that Debtor had failed to present any documents that defeated the claim.

## 2. The Adversary Proceeding and Dismissal of Debtor's Case

Two days after the bankruptcy court's ruling on the POC, Debtor filed the adversary complaint against Green Tree (now Ditech) pro se. The "complaint" was entitled "Motion to Cancel Dismissal and Enter Judgment for Bankruptcy Fraud." There, Debtor alleged that Ditech had committed bankruptcy fraud under 18 U.S.C. § 152 based upon her belief that Ditech's POC contained false representations. Debtor listed 18 U.S.C. § 152 as the only claim for relief on the cover sheet of her adversary complaint and pled no claims for relief in her complaint.

On May 31, 2016, Ditech moved to dismiss Debtor's complaint on the grounds that no private right of action exists for a

---

[5] This argument is inconsistent with Debtor's request that the bankruptcy court not adjudicate the standing issue.

-5-

bankruptcy fraud claim under 18 U.S.C. § 152 and that Debtor had failed to plead fraud with particularity.

On June 7, 2016, the bankruptcy court dismissed Debtor's bankruptcy case for failure to confirm a plan by the court-imposed deadline.

On June 21, 2016, the bankruptcy court issued an order to show cause (OSC), ordering Debtor to show why the court should not abstain from hearing her adversary proceeding when her bankruptcy case was dismissed. Ditech responded to the OSC, arguing that the standards for dismissal of the adversary proceeding were met under Carraher v. Morgan Electronics, Inc. (In re Carraher), 971 F.2d 327, 328 (9th Cir. 1992). Debtor's response to the OSC did not specifically address abstention.

On July 19, 2016, the bankruptcy court heard both Ditech's motion to dismiss and its own. Ruling in favor of dismissal, it placed its findings of fact and conclusions of law on the record.

On July 20, 2016, the bankruptcy court entered an order dismissing Debtor's adversary complaint. In the order, the bankruptcy court dismissed Debtor's claim for bankruptcy fraud under 18 U.S.C. § 152 for lack of standing and dismissed her remaining claims under discretionary abstention or, alternatively, for lack of jurisdiction. Debtor filed a timely notice of appeal from that order.[6]

---

[6] Debtor filed a motion for leave to appeal. On August 11, 2016, a two-judge order denied the motion as unnecessary.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Did the bankruptcy court err by dismissing Debtor's claim of bankruptcy fraud under 18 U.S.C. § 152?

B. Did the bankruptcy court abuse its discretion by declining to decide the remaining claims alleged in Debtor's complaint after the bankruptcy court dismissed Debtor's bankruptcy case?

C. Did the bankruptcy court err by ruling that it lacked jurisdiction over the remaining claims under the Rooker-Feldman doctrine when the state court judgment was on appeal?

## IV. STANDARDS OF REVIEW

We review de novo the bankruptcy court's order granting a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6) (incorporated by Rule 7012). Movsesian v. Victoria Versicherung AG, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc). Under de novo review, we look at the matter anew, as if it had not been heard before, and as if no decision had been rendered previously, giving no deference to the bankruptcy court's determinations. Freeman v. DirecTV, Inc., 457 F.3d 1001, 1004 (9th Cir. 2006).

"A bankruptcy court's determination regarding discretionary abstention is fundamentally a matter within the discretion of the court to be reviewed for abuse of discretion." In re Bankruptcy Petition Preparers Who Are Not Certified

-7-

_Pursuant to Requirements of the Ariz. Supreme Ct._, 307 B.R. 134, 140 (9th Cir. BAP 2004). Similarly, we review for abuse of discretion the court's decision to decline to exercise jurisdiction over an adversary proceeding after dismissal of the underlying bankruptcy case. _In re Carraher_, 971 F.2d at 328.

The abuse of discretion standard involves a two-prong test; first, we determine de novo whether the bankruptcy court identified the correct legal rule for application. _See_ _United States v. Hinkson_, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). If not, then the bankruptcy court necessarily abused its discretion. _See_ _id._ at 1262. Otherwise, we next review whether the bankruptcy court's application of the correct legal rule was clearly erroneous. We will affirm unless its findings were illogical, implausible, or without support in inferences that may be drawn from the facts in the record. _See_ _id._

A dismissal under the _Rooker-Feldman_ doctrine is reviewed de novo. _Kougasian v. TMSL, Inc._, 359 F.3d 1136, 1139 (9th Cir. 2004).

We may affirm the decision of the bankruptcy court on any basis supported by the record. _See_ _ASARCO, LLC v. Union Pac. R.R. Co._, 765 F.3d 999, 1004 (9th Cir. 2014).

## V.  DISCUSSION

As an initial matter, despite being warned, Debtor failed to provide a transcript of the hearing on Ditech's motion to dismiss and the bankruptcy court's OSC. Her complete disregard of Rule 8009(b) "in itself constitutes a basis to dismiss this appeal or summarily affirm the bankruptcy court's decision." _California v. Yun (In re Yun)_, 476 B.R. 243, 251 (9th Cir. BAP

-8-

2012). Although summary dismissal is within our discretion, we are able to make an informed review under these circumstances. Ehrenberg v. Cal. State Fullerton (In re Beachport Enter.), 396 F.3d 1083, 1087 (9th Cir. 2005). Accordingly, we consider the merits.

In doing so, we liberally construe Debtor's pro se brief. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (documents filed pro se are to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers); Nordeen v. Bank of Am., N.A. (In re Nordeen), 495 B.R. 468, 483 (9th Cir. BAP 2013). However, even under the most liberal reading of Debtor's brief, she fails to address how the bankruptcy court erred in dismissing her adversary complaint and identifies no specific error for this court to consider.[7] Instead, she raises numerous issues which are not relevant to the order on appeal. We do not consider issues relating to her attorney's compensation, the accuracy of the arrears set forth in Ditech's POC, the merits of her state court lawsuit, or the bankruptcy court's decision to dismiss her bankruptcy case. These issues are beyond the scope of the issues pertaining to the order on appeal.

What is at issue is whether the bankruptcy court properly dismissed Debtor's claims against Ditech based on alleged

---

[7] Debtor's failure to specifically and distinctly address the issues related to the order on appeal also gives us a basis to summarily affirm. See Padgett v. Wright, 587 F.3d 983, 986 n.2 (9th Cir. 2009) (per curiam) (appellate court "will not ordinarily consider matters on appeal that are not specifically and distinctly raised and argued in appellant's opening brief").

violations of 18 U.S.C. § 152. It did. Federal case law is replete with decisions holding there is no private right of action for violations of 18 U.S.C. § 152 which addresses, among other things, crimes for false oaths and claims. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (a private citizen cannot compel the enforcement of criminal law, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); see also In re Nordeen, 495 B.R. at 484-85 ("[a]ny alleged perjury committed in the filing of a claim in a bankruptcy case is subject to criminal sanctions under 18 U.S.C. § 152, not to any private right of action by the Nordeens"); Miller v. Carrington Mortg. Servs., 2012 WL 3537056, at *9 (N.D. Cal. Aug. 14, 2012) ("most courts seem to agree that there is no private right of action for a violation of § 152") (citing Truong v. Litman, 312 F. App'x. 377, 378 (2d Cir. 2009) ("find[ing] no ground for disturbing the district court's holding that the Truongs have not made the difficult case for implying a private right of action under 18 U.S.C. § 152, a criminal statute"), and Heavrin v. Boeing Capital Corp., 246 F. Supp. 2d 728, 731 (W.D. Ky. 2003) (stating that "there is no private cause of action under 18 U.S.C. § 152(4) for filing a false proof of claim in a bankruptcy proceeding"; following the reasoning of a North Carolina bankruptcy court)); Glassey v. Amano Corp., No. C-05-01604, 2006 WL 889519 at *3 (N.D. Cal. Mar. 31 2006), aff'd, 285 F. App'x 426 (9th Cir. 2008) ("Glassey lacks standing to enforce any cause of action based on Title 18 that he has alleged."). Nowhere does Debtor's brief raise arguments relevant to this holding nor does she point to any

-10-

authority that holds otherwise.

The bankruptcy court also properly dismissed the remaining claims in Debtor's complaint.[8]  Before dismissing these claims, the court considered the factors set forth in Carraher - economy, convenience, fairness and comity - in deciding whether to retain Debtor's state law claims after her bankruptcy case was dismissed.  971 F.2d at 328.  We discern no abuse of discretion with the bankruptcy court's weighing of these factors and decision to dismiss her remaining claims.  Again, nowhere does Debtor address in her brief how the bankruptcy court erred by dismissing her remaining claims.  These arguments are waived on appeal.  Acosta-Huerta v. Estelle, 7 F.3d 139, 144 (9th Cir. 1993) (issues not supported by argument in pro se appellant's opening brief are waived); Wilcox v. Comm'r, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988) (arguments not raised on appeal by a pro se litigant are deemed abandoned).

Finally, there is no discussion in Debtor's brief regarding how the court erred by applying the Rooker-Feldman doctrine as an alternative basis to dismiss her complaint.  "It is not the Court's role to make arguments for any party."  Ortiz v. Ga. Pac., 973 F. Supp. 2d 1162, 1185 (E.D. Cal. 2013); see also Gross v. Town of Cicero, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments.").  Accordingly, we do not

---

[8] Despite Debtor only identifying the single claim for relief based on bankruptcy fraud in her complaint, Ditech and the bankruptcy court liberally construed the pleading to raise other claims without identifying them.

-11-

address the Rooker-Feldman doctrine in this disposition.

In the end, although Debtor is pursuing this appeal pro se, by failing to assign any specific error to the bankruptcy court's decision, Debtor has effectively abandoned her appeal of the order dismissing her adversary proceeding. Moreover, our review of the merits of the bankruptcy court's rulings on these issues shows them to be proper.

## VI.   CONCLUSION

For the reasons stated, we AFFIRM.