**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL
OF THE NINTH CIRCUIT**

In re:                           )     BAP No.   AZ-16-1133-BTaF
                                 )
AIDA AZIZ,                       )     Bk. No.   15-12354-EPB
                                 )
            Debtor.              )
_____)
                                 )
AIDA AZIZ,                       )
                                 )
            Appellant,           )
                                 )
v.                               )     **AMENDED MEMORANDUM**[1]
                                 )
U.S. BANK, NA                    )
                                 )
            Appellee.            )
_____)

Submitted Without Oral Argument on February 23, 2017

Originally Filed - August 3, 2017
Amended - August 11, 2017

Appeal from the United States Bankruptcy Court
for the District of Arizona

Honorable Eddward P. Ballinger, Jr., Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Aida Aziz on brief pro se; Mark D.
                 Chernoff and Patricia A. Premeau of the Chernoff
                 Law Firm, PC on brief for appellee U.S. Bank, N.A.

_____

Before:   BRAND, TAYLOR and FARIS, Bankruptcy Judges.

_____

[1]  This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value. See 9th
Cir. BAP Rule 8024-1.

Chapter 13[2] debtor Aida Aziz appeals an order overruling her objection to the claim of U.S. Bank, N.A. For the reasons set forth below, we DISMISS the appeal as MOOT.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Prepetition events

In 2008, Debtor's son, Mena Bishara, purchased a residence in Scottsdale, Arizona ("Property") with an $830,231.00 loan provided by U.S. Bank. Bishara executed a promissory note and deed of trust in favor of U.S. Bank. The deed of trust was recorded in Maricopa County.

U.S. Bank initiated a trustee's sale in 2010, which was continued multiple times due to litigation between the parties that commenced in state court in 2011. Bishara claimed, among other things, that his signature on the recorded deed of trust was forged and therefore void. However, Bishara admitted to receiving the funds, purchasing the Property with them, and not making any payments on the loan since May 2009. The action was later removed to the federal district court. That court dismissed the suit with prejudice based on Bishara's admissions. Bishara appealed to the Ninth Circuit Court of Appeals, which affirmed the district court's ruling in June 2015.

On September 17, 2015, Bishara transferred the Property by quitclaim deed to Debtor. Together as plaintiffs, Bishara and Debtor then filed a new lawsuit in state court raising the same arguments that were rejected and deemed "futile" in the first

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

-2-

action. The second lawsuit was dismissed with prejudice in February 2016; U.S. Bank was awarded attorney's fees.

**B.  Postpetition events**

Meanwhile, Debtor filed her chapter 13 bankruptcy case on September 28, 2015, just eleven days after Bishara quitclaimed the Property to her.

### 1.  U.S. Bank's initial proof of claim

U.S. Bank filed its initial $1,141,956.75 proof of claim in Debtor's case in February 2016. By then, prepetition arrearages on the Bishara loan were $314,155.48. The initial proof of claim mistakenly stated that Debtor, as opposed to Bishara, executed the note secured by the deed of trust for the Property. Debtor objected to U.S. Bank's claim, arguing that the attached exhibits contained the alleged forged note and deed of trust. In reply, U.S. Bank contended that Debtor was precluded from claiming the loan documents were forged; she had already litigated that issue and lost. In addition, U.S. Bank argued that, because Debtor was not a party to the deed of trust, she lacked standing to challenge its validity.

### 2.  U.S. Bank's amended proof of claim

Thereafter, U.S. Bank filed an amended proof of claim. The amended claim clarified that Debtor was not a party to the note and therefore she did not personally owe the note payments; Debtor only held title to the Property based on the quitclaim deed. Nonetheless, her ownership interest was subject to the debt and U.S. Bank's lien rights. U.S. Bank argued that, if Debtor wanted to keep the Property, she had to pay for it, making the bank an implied creditor of her bankruptcy.

-3-

Debtor objected to U.S. Bank's amended proof of claim, raising essentially the same arguments she did in her objection to the initial proof of claim. She requested that the court disallow the amended claim due to U.S. Bank's failure to provide appropriate documentation to support it.

In reply, U.S. Bank represented that it was not seeking any monetary relief from Debtor; rather, it had filed the initial and amended proofs of claim simply to enforce its lien rights against the Property. However, argued U.S. Bank, Debtor would have to pay for the Property if she intended to keep it.

The bankruptcy court held a hearing on April 13, 2016.[3] Debtor has not provided a transcript so we are not certain what took place. However, that same day, the bankruptcy court issued a Minute Entry/Order for Matter Taken Under Advisement. In addition to granting U.S. Bank relief from stay, the Under Advisement order stated that Debtor's objection to U.S. Bank's amended proof of claim "was moot in light of the bank's agreement that it seeks no distribution from Debtor's estate (other than for fees and sanctions [requested in U.S. Bank's motion for relief from stay])." U.S. Bank's request for fees and sanctions was denied. The Under Advisement order directed counsel for U.S. Bank "to file and serve an appropriate form of order."

Before an order was submitted by U.S. Bank and entered by the bankruptcy court, Debtor filed a motion for reconsideration,

---

[3] This hearing also included U.S. Bank's pending motion for relief from stay and Debtor's objection to that motion. That issue is not part of this appeal.

-4-

which the bankruptcy court summarily denied.[4]

## C.    Post-appeal events

Although no order had yet been entered respecting Debtor's claim objection or U.S. Bank's motion for relief from stay or request for sanctions, Debtor appealed the bankruptcy court's Under Advisement order on May 12, 2016. Thereafter, U.S. Bank submitted an order, which the bankruptcy court signed and entered on May 16, 2016. Curiously, the May 16 order did not dispose of Debtor's claim objection; it referenced only U.S. Bank's relief from stay motion and the court's denial of sanctions to U.S. Bank.

U.S. Bank then moved to dismiss Debtor's appeal, arguing that it was moot because the foreclosure sale had now taken place. The motions panel determined that the relief from stay issue was moot, but not the claim objection or sanctions issues. Therefore, those two issues remained live and appealable.[5] U.S. Bank's request for attorney's fees, costs and sanctions was denied for failure to comply with the separate motion requirement under Rule 8020(a).

After briefing by the parties, it was discovered that the Panel lacked a final order from the bankruptcy court on Debtor's claim objection; the Under Advisement order entered on April 13 and the May 16 order did not serve as a final order on that

---

[4] Debtor has not argued that the bankruptcy court abused its discretion by denying her motion for reconsideration. In any event, based on our decision here, we need not reach that issue.

[5] U.S. Bank has not cross-appealed the bankruptcy court's ruling denying sanctions.

-5-

issue. <u>Ross v. Thompson (In re Levine)</u>, 162 B.R. 858, 859 (9th Cir. BAP 1994) (court's "under advisement ruling" was not a final appealable order because it did not evidence the judge's intention that the order was the court's final act, as counsel was directed in that order to lodge an order consistent with the under advisement ruling).

After a clerk's order, the bankruptcy court entered an amended order on March 2, 2017, finally disposing of Debtor's objection to U.S. Bank's amended claim as moot. Thus, Debtor's premature notice of appeal became timely. Rule 8002(a).

On May 20, 2017, the bankruptcy court entered an order dismissing Debtor's chapter 13 bankruptcy case for failure to make plan payments and barring her from refiling a new bankruptcy case in the District of Arizona for 180 days.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). We discuss our jurisdiction below.

## III. ISSUES

1. Is the order on appeal moot now that Debtor's bankruptcy case has been dismissed?

2. Is U.S. Bank entitled to sanctions or costs on appeal?

## IV. STANDARD OF REVIEW

We review de novo our own jurisdiction, including the question of mootness. <u>Suter v. Goedert</u>, 504 F.3d 982, 985 (9th Cir. 2007).

## V. DISCUSSION

**A. The appeal is moot.**

An appeal is constitutionally moot if it has become

-6-

impossible for the appellate court to fashion meaningful relief. Ederel Sport, Inc. v. Gotcha Int'l L.P. (In re Gotcha Int'l L.P.), 311 B.R. 250, 253 (9th Cir. BAP 2004). If no effective relief is possible, we must dismiss for lack of jurisdiction. Ellis v. Yu (In re Ellis), 523 B.R. 673, 677 (9th Cir. BAP 2014).

Secured creditor U.S. Bank filed a proof of claim in Debtor's case even though it had represented to the bankruptcy court and to Debtor that it was not seeking a distribution under her chapter 13 plan; it was seeking only to enforce its lien rights and remedies under state law. Based on U.S. Bank's representations, the bankruptcy court was satisfied that it was not seeking any money from Debtor. Accordingly, the court deemed Debtor's claim objection moot.

We disagree that, at the time the bankruptcy court ruled on Debtor's claim objection, it was moot. Despite U.S. Bank's representations otherwise, when the court ruled on Debtor's objection, U.S. Bank had a pending objection to Debtor's first amended chapter 13 plan contending that the plan failed to account for or cure the arrearages on the Bishara loan. Based on the objection to confirmation, it appeared that Debtor intended to make, and U.S. Bank intended to receive, a distribution from Debtor's chapter 13 plan.

However, during the course of this appeal, the claim objection order has become moot due to the dismissal of Debtor's bankruptcy case. Although dismissal of a debtor's underlying bankruptcy case does not necessarily moot an appeal from an order overruling a claim objection because of the preclusive effect the

-7-

order can have in other courts, we do not face that issue here.[6] In this case, the bankruptcy court made no dispositive ruling on the merits of U.S. Bank's claim that could be given preclusive effect in future litigation between the parties; the court neither allowed nor disallowed the claim. In addition, without an existing estate or chapter 13 plan, it is clear that U.S. Bank will not be seeking any plan distribution from Debtor respecting the Property. Thus, reversal of the claim objection order would be meaningless. Accordingly, because we are unable to provide Debtor with any meaningful relief, the appeal is moot and we must dismiss for lack of jurisdiction.[7]

---

[6] Compare Bevan v. Socal Commc'ns Sites, LLC (In re Bevan), 327 F.3d 994, 996-97 (9th Cir. 2003) (appeal from order overruling claim objection not moot because of potential preclusive effect that order might have in future litigation) (citing Siegel v. Fed. Home Loan Mortg. Corp., 143 F.3d 525, 529 (9th Cir. 1998)), with Ctr. For Biological Diversity v. Lohn, 511 F.3d 960, 965 (9th Cir. 2007) (citing Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998-99 (9th Cir. 2005)) (potential preclusive effect of order on appeal did not prevent appeal from that order from becoming moot).

[7]In her appeal, Debtor also asserted that the bankruptcy court erred in denying her request for sanctions against US Bank under 18 U.S.C. §§ 152, 157 and 3571 for filing a false deed of trust with its proof of claim. The denial of Debtor's request for sanctions also is moot. It raises the same issues as the claim objection, the validity of the deed of trust included in the proof of claim. We cannot afford meaningful relief to Debtor on this issue for the same reason that we cannot do so with respect to her appeal of the Court's ruling on her claim objection.

Even if it is not moot, we would affirm the denial of the Debtor's request for sanctions. Debtor based her request entirely on criminal statutes (18 U.S.C. §§ 152, 157 and 3571) for which there is no private right of action. See Diamond v. Charles, 476 U.S. 54, 64-65 (1986) (a private citizen cannot compel the enforcement of criminal law, as "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); see also Nordeen v. Bank of Am., N.A. ((n re Nordeen), 495 B.R. 468, 484-85 (9th Cir. BAP 2013) ("[a]ny alleged perjury committed in the filing of a claim in a (continued...)

-8-

**B.    U.S. Bank's sanctions request is DENIED; however costs are appropriate.**

In its brief, U.S. Bank requested sanctions under Rule 8020 or Rule 9011; it contends that Debtor's appeal is frivolous. Because U.S. Bank has not complied with the separate motion requirement in both Rule 8020 and Rule 9011, that request is DENIED.  See Rule 8020(a); Rule 9011(c)(1)(A) (motion for sanctions must "be made separately from other motions or requests and shall describe the specific conduct alleged to violate Rule 9011(b)").

However, U.S. Bank has also requested costs under Rule 8021, which has no separate motion requirement.  Because we are dismissing this appeal, costs are appropriate under Rule 8021(a)(1).  Pursuant to Rule 8021(d), U.S. Bank has 14 days after entry of judgment on appeal to file with the bankruptcy court and serve its itemized and verified bill of costs for those

---

[7](...continued)
bankruptcy case is subject to criminal sanctions under 18 U.S.C. § 152, not to any private right of action by the Nordeens"); Miller v. Carrington Mortg. Servs., 2012 WL 3537056, at *9 (N.D. Cal. Aug. 14, 2012) ("most courts seem to agree that there is no private right of action for a violation of § 152") (citing Truong v. Litman, 312 Fed. Appx. 377, 378 (2d Cir. 2009) ("find[ing] no ground for disturbing the district court's holding that the Truongs have not made the difficult case for implying a private right of action under 18 U.S.C. § 152, a criminal statute") and Heavrin v. Boeing Capital Corp., 246 F.Supp.2d 728, 731 (W.D. Ky. 2003) (stating that "there is no private cause of action under 18 U.S.C. § 152(4) for filing a false proof of claim in a bankruptcy proceeding"; following the reasoning of a North Carolina bankruptcy court)); Glassey v. Amano Corp., 2006 WL 889519, 15 *3 (N.D. Cal. Mar. 31 2006), aff'd, 285 F. App'x 426 (9th Cir. 2008) ("Glassey lacks standing to enforce any cause of action based on Title 18 that he has alleged."). Debtor could not prevail on a claim for sanctions under Title 18.  The bankruptcy court did not err in denying an award of sanctions to plaintiff on that basis.

items allowable under Rule 8021(c).

## VI. CONCLUSION

For the foregoing reasons, we DISMISS the appeal as MOOT.